DREW, Chief Justice.
Appellants’, plaintiffs’ in the trial court, appeal from a judgment on the pleadings entered for defendant.
February 18, 1954, plaintiffs filed a complaint alleging that an automobile owned by defendant was negligently driven against an automobile in which the plaintiff wife was riding and as a result of which the wife was injured. Damages were claimed for the wife and husband. In its answer defendant alleged that in the Small Claims Court of Dade County the same plaintiffs’ on a cause of action arising out of the same accident obtained a judgment against the defendant for $288.92 plus costs which judgment was satisfied April 6, 1954. *750 Copy of the satisfaction of the judgment was attached to the answer. Upon these facts defendant claimed the defenses of res judicata and splitting the cause of ’action. Pursuant to motion the court entered a final judgment on the pleadings for defendant. .
Appellant contends here that, aside from the merit of the defenses of defendant, it was error to enter the final judgment on the record before the court because the defenses pleaded under applicable law were deemed denied and the; cpmplaint itself was sufficient to state a cause of action. For these reasons, it is urged, there was no basis for the entry of the final judgment. We agree.
This case is governed by the Florida Common Law Rules, effective' January 1, 1950, 30 F.S.A., which were in effect when the complaint was filed. Rule 9(d) provides that res judicata is an affirmative defense. " Rule 9(e) specifically provides, “Averments in a pleading to which’no responsive pleading is required or permitted shall be taken as denied or avoided.” The effect of this rule is that when affirmative defenses are raised the facts pleaded thereby are deemed denied. Gulf Life Ins. Co. v. Ferguson, Fla.1952, 59 So.2d 371. Rule 13(c) provides for motion for judgment on the pleadings where applicable. However, the function of this motion is no more than that of a demurrer.. Such motion raises only questions of law arising out of the pleadings. The moving party admits for the purpose of the motion the facts well pleaded by his adversary despite their denial in the movant’s pleadings and the movant admits also the untruth of his own allegations which have been denied by his adversary. This rule is in accordance with the federal procedure. See 5 Cyc.Fed. Proc., (3d ed. 1951) p. 224, Sec. 15.242.
Therefore, while the facts pleaded by defendant may have been sufficient in law to constitute defenses, these facts were deemed denied by the plaintiff. Proof of some sort was required. Since the complaint itself stated a cause of action, the court was not authorized, in the state of the record presented to it, to enter a judgment on the pleadings. Therefore, the judgment entered September 3,. 1954, is reversed and the cause remanded for further proceedings.
Reversed.
TERRELL, SEBRING and ROBERTS, JJ., concur.