MILLEDGE, STANLEY, Associate Judge.
This is an appeal from a judgment for the defendant on the pleadings. The plaintiff, a Swiss Corporation, on October 9, 1958, sued the defendant, a resident of Hillsborough County, Florida, on a promissory note made by the defendant in France in September, 1954, payable in twelve (12) monthly installments. The first installment was paid but the installment due November, 1954, was not paid, and subsequent installments were not paid. The defendant pleaded the affirmative defense of the statute of limitations. Pursuant to Sec. 92.04, *58 Florida Statutes, F.S.A., defendant pleaded the French Commercial Code, Articles 179 and 185. Since Sec. 95.10, Florida Statutes, F.S.A., provides that “when the cause of action has arisen * * * in a foreign country, and by the laws thereof * * * cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state”, the defendant pleaded the French statute in order to show what the Florida limitation is in a cause of action arising in France. If this is not a cause of action arising in a foreign country, Sec. 95.10 has no application; and the general statute of limitation of Florida, the forum, applies. There seems to be no contention that the French statute is one of extinguishment. We agree that the statute creates a bar rather than a condition to the right. For the distinction see Restatement, Conflicts, Sec. 605. Whether the cause of action arose in France must be dealt with, but first we consider the case on the assumption that it did arise there.
The affirmative defense requires no responsive pleading. Rule 1.8(d) and (e), Florida Rules of Civil Procedure, 30 F.S.A. Any fact which would tend to defeat the affirmative defense is available to the plaintiff at the trial. Faliclc v. Sun N Sea, Inc., Fla.1955, 81 So.2d 749. The French limitation on a note is three years. It does not necessarily follow that because three years elapsed between the date the last installment became due and the date the present action was commenced, the statute has run. This would be true only if French law makes no provision for events which interrupt the statute, or if making a provision, no interrupting events exist. Because the defendant has obviously not pleaded all applicable French law we do not know just what facts that law considers to be interruptions, but Article 179 shows that there are interruptions under French law. The last two paragraphs of this Article are:
“Interruption of a period of limitation is effective only as against a party concerning whom the act causing the-interruption has been committed.
“Nevertheless, persons claimed to be liable shall be bound, if so requested, to-aver under oath that they are no longer liable; and their widows, heirs or assigns, that they in good faith believe that there is no longer anything owing.”
If the defendant left France before the three year period ran, and under French law a defendant’s absence from the country interrupts the statute, then the statute is no bar. The plaintiff, if such facts exist, is entitled to prove them. It was not by accident that our legislature provided that laws of a sister state could be judicially noticed but the laws of a foreign country must be specially pleaded. It is not necessary to dispose of this case on the ground that the applicable law of France was not adequately pleaded, but we observe that one relying upon the law of a foreign country should do more than plead a fragment.
The part of Article 179 above quoted, which refers to the oath of a defendant that “he is no longer liable” strongly suggests that it is the equivalent of an oath that the defendant has committed no acts to interrupt the statute. No other rational explanation comes to mind.
So far we have assumed that a cause of action arose in France. That it did is far from a self-evident proposition. In the first place the note designates no place of payment. The parties agree that the payee was a Swiss Corporation. Was the note payable in Switzerland on that account? Again we observe that, treating the answer as adequate, the plaintiff is entitled to show, if it can, that the cause of action never arose in France and that French law is inapplicable.
In the second place, assuming that the law of Switzerland has nothing to do with the contract, suppose that the defendant left France permanently before the first *59 •default occurred. Did a cause of action arise in France? If it never arose then our Sec. 95.10 is inapplicable and the Florida 5 year limitation applies. F.S.A. § 95.11 (3). Does the circumstance that no remedy exists in the place where a contract is to he performed by reason of the inability there of the court to acquire jurisdiction over the person of the defendant prevent the cause of action from “arising” there? American courts differ in their answers. An example of one which answers no it doesn’t is McKee v. Dodd, 1908, 152 Cal. 637, 93 P. 854, 14 L.R.A., N.S., 780. The facts of the case are typical of the group. Both maker and payee of the note resided in New York. Shortly after making the note the maker left New York and never returned. He lived a while in Europe and then in California before taking residence in Hawaii. He lived there long enough for the statute of limitation of that territory to run. After his death the creditor sued the debtor’s personal representative of the ancillary administration in California. The administrator asserted the bar of the Hawaii statute. The California court, construing its statute similar to our Sec. 95.10, held that the cause of action never arose in Hawaii. An aversion to a debtor’s ability to shop for a favorable statute of limitation is implicit in this •construction.
A “cause of action” may mean one thing for one purpose and something different for another. Williamson v. Columbia Gas & Electric Corp., 3 Cir., 1950, 186 F.2d 464. It should make a difference whether the limitation pleaded is neither the place where the contract was to be performed nor the place of suit, but of some place in which the debtor has previously lived long enough for the statute to run. If the creditor sues in a place in which the statute there has run he can either blame himself for not suing earlier or he can wait in the hope that he can serve the debtor in a jurisdiction having a longer statute. This is a totally different situation from one in which the debtor removes to a short limitation jurisdiction and thereafter carries the bar with him wherever he goes.
Bruner v. Martin, 1907, 76 Kan. 862, 93 P. 165, 14 L.R.A.,N.S., 775 is a case typical of the holdings opposite to McKee v. Dodd, supra. The reasoning of this case is that a cause of action does not exist merely upon entering into a contract. Unless there is breach there never is a cause of action. If the debtor is not amenable to process in the place where the contract is to be performed at the time of the breach, the cause of action does not arise there. It arises at the place where the defendant resides, that is where he is amenable to process, where there is a remedy. Annotations citing cases in both groups are contained in 75 A.L.R. 203 and 149 A.L.R. 1224.
It seems unrealistic to say that a cause of action “arises” at a place where the action cannot be maintained. The running of time is not the bar to an action which there was no way to institute at the very moment of breach. His failure to pursue a remedy within a given period is meaningless to a creditor who at the place of breach has no remedy. If the creditor has no means of enforcement where the breach occurs it is plain that he does have a remedy wherever the debtor is amenable to process, usually his place of residence. To say that undue delay in pursuing the remedy bars the action makes sense. This must be why the limitation of the forum should apply.
We do not pretend to say that France (or Switzerland) may not entertain ideas of jurisdiction over the person which differ from ours. Perhaps there, personal jurisdiction may be obtained over a non-resident defendant by means we would call constructive service. That remains to be ascertained, if it needs ascertaining, because of the non-residence in France of the defendant at time of breach. It should be noted, however, that a judgment valid in France may not necessarily be treated as valid here on an action on the French judgment.
*60 The significant facts of this case are presently unknown either to the trial court or to the appellate court. The plaintiff is entitled to show facts, if he can, proving that the cause of action never arose in France or anywhere but in Florida. If it arose abroad he is entitled to show facts, if he can, which interrupted the running of the foreign statute of limitations and that it is not, by virtue of Sec. 95.10, Florida Statutes, F.S.A., a bar to the action.
The judgment appealed from is reversed.
ALLEN, C. J., and KANNER, J., concur specially.