WALDEN, Judge.
The wife appeals from a final decree of . divorce.
She was found guilty of extreme cruelty and the husband was awarded a divorce. One grievance centers upon the failure of the chancellor to find that the husband was barred from this relief by the affirmative defense pled and denominated by her as res adjudicata. This plea was based upon an earlier domestic relations proceeding in the State of Massachusetts.
The burden of proving this affirmative defense belonged to the wife. The only matter in evidence before the court supporting this defense was a copy of the Massachusetts decree. This was not sufficient to carry the burden of proof. Hohweiler v. Hohweiler, Fla.App.1964, 167 So.2d 73. The wife argues further on this point claiming that she was prevented from introducing additional proofs by an erroneous ruling of the court. While there is discussion in the record as to whether or not the wife could testify as to the testimony produced in the Massachusetts proceeding, scrutiny reveals that she was never asked a specific question with objection made and ruling rendered so as to preserve the question for this court’s consideration. Rather it appears that the inquiry was abandoned without a proffer having been made or offered. See 2 Fla.Jur., Appeals §§ 66, 67 and 70. We conclude therefore that .the chancellor’s determination that the affirmative defense was not established was correct.
The next basic contention made by the wife is that the trial court erred in awarding the wife lump sum alimony instead of periodic or installment alimony. The court may award either periodic alimony, lump sum alimony, or both, in its discretion. F.S.A. § 65.08. Here the final decree awarded the husband’s interest in a jointly owned furnished home to the wife as lump sum alimony. There is no evidence in the record as to the worth of such award, i. e., the money value of the husband’s interest in the home. Absent this critical information this court is simply unable to determine whether or not the award is fit, equitable and just under the circumstances and whether or not the chancellor abused his discretion. Thus, the presumption of correctness obtains and we have no basis upon which to disturb or question the award. Picchi v. Picchi, Fla.1958, 100 So. *730 2d 627; Katz v. Katz, Fla.App.1964, 159 So.2d 241; see also Rubinow v. Rubinow, Fla. 1949, 40 So.2d 561.
Finding no error the decree appealed is affirmed.
ANDREWS, Acting Chief Judge, and STURGIS, WALLACE E., Associate Judge, concur.