196 So.2d 453 (1967)
Harry R. WAGNER, Appellant,
v.
Nellie R. WAGNER, a Single Woman, Appellee.
No. 380.
District Court of Appeal of Florida. Fourth District.
March 10, 1967.
Albert Yurko, Orlando, for appellant.
Lester S. Kafer, of McDonnell & Kafer, Winter Park, for appellee.
CROSS, Judge.
Harry R. Wagner, plaintiff, appeals a judgment on the pleadings dismissing with prejudice his complaint for specific performance of a property settlement agreement entered into by and between the plaintiff and his former wife, Nellie R. Wagner.
The plaintiff and the defendant were first married in 1958, which marriage subsequently terminated in a divorce. Prior to this divorce the parties entered into a property settlement agreement whereby the plaintiff agreed to convey to the defendant all of his right, title and interest in and to the home of the parties, and in consideration thereof the defendant agreed to execute *454 a note and mortgage to the plaintiff evidencing an indebtedness of $9,000.00 on the home which was conveyed to the defendant. Defendant never executed the note and mortgage. In 1961 the parties remarried, which marriage again resulted in divorce in 1965. So far as the record shows there was no mentioning of the property settlement agreement in the first divorce between the parties. In the second divorce action the husband sought to establish the execution of the note and mortgage and to establish said note and mortgage as as a lost document. This issue was tried with the consent of the parties. The only evidence in support thereof was the property settlement agreement, and the court determined that the husband failed to prove the existence of said note and mortgage. The court was not asked to specifically enforce the agreement between the parties and require the wife to execute a note and mortgage as required under the said agreement. The final decree of divorce in the second action makes no other reference to the property settlement agreement or the claimed indebtedness. Plaintiff now seeks a decree in equity for specific performance of the property settlement agreement entered into prior to the parties' first divorce requiring the defendant to execute the note and mortgage.
Plaintiff contends here that it was error to enter a final judgment on the pleadings. We agree.
The defendant in her answer raised an affirmative defense of res judicata, estoppel by judgment, or similar defense.
Florida R.C.P. 1.110(e), formerly Rule 1.8(e), 30 F.S.A., specifically provides: "* * * Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." The effect of this rule is that when an affirmative defense is raised the facts pleaded thereby are deemed denied. Falick v. Sun N Sea, Inc., Fla. 1955, 81 So.2d 749.
Florida R.C.P. 1.140(c), formerly Rule 1.11(c), provides that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. The function of this motion is the same as the old common law demurrer. This motion raises questions of law arising out of the pleadings.
For the purpose of the motion all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. 2 Moore's Federal Practice, 2d Ed., para. 12.15 at page 2269.
The foregoing comment was addressed to the Federal Rules of Civil Procedure, Rules 8(d) and 12(c), 28 U.S.C.A. These correspond to Florida Rules of Civil Procedure, Rules 1.110(e) and 1.140(c), respectively. Also, see Falick v. Sun N Sea, Inc., supra.
Defendant before answering moved to dismiss plaintiff's complaint on the grounds it failed to state a cause of action or to state a claim for which equitable relief could be granted.
The trial judge denied the motion. The complaint stated a cause of action, and the facts constituting the affirmative defense as raised by defendant's answer must be deemed to have been denied. With the burden of proof resting on the defendant as to the affirmative defense, necessarily proof was required. Courtlandt Corporation v. Whitmer, Fla.App. 1960, 121 So.2d 57. See also Harless v. Harless, Fla. App. 1966, 185 So.2d 728; Hohweiler v. Hohweiler, Fla.App. 1964, 167 So.2d 73. All she presented to substantiate her affirmance defense was the final decree entered in previous proceedings which was attached to her answer.
Since the complaint itself stated a cause of action the court was not authorized *455 in the state of the record presented to it to enter a judgment on the pleadings.
Reversed and remanded.
WALDEN, C.J., concurs.
ANDREWS, J., dissents with opinion.
ANDREWS, Judge (dissenting).
It has been held that a final decree of divorce settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of the property rights. Cooper v. Cooper, Fla. 1954, 69 So.2d 881. This case re-affirmed the same doctrine announced in Finston v. Finston, 1948, 160 Fla. 935, 37 So.2d 423.
I would affirm.