SWANN, Judge.
This appeal arises from an action by a minor, through his father and next friend, against North Miami General Hospital, Inc. and Air Products & Chemicals, Inc. and others, for injuries he allegedly suffered during a tonsillectomy operation when a machine used to administer anesthesia ruptured, causing the anesthetic to surge into the minor’s throat and lungs.
The minor alleged, inter alia, that North Miami General (through its agents, servants or employees) was negligent in the use of the “dangerous and defective” machine. Air Products was alleged to have furnished the hospital with defective canisters of anesthetic which leaked so as to cause the breathing bag to explode and cause the minor’s injuries.
North Miami General cross-claimed against Air Products, among others, alleging that it had relied upon Air Products to maintain or repair the anesthesia machine. North Miami General also alleged that Air Products had been negligent in maintaining the machine, by failing to detect and repair defects which were susceptible of discovery through reasonable inspection. The hospital, relying on Westinghouse Electric Corp. v. J. C. Penney Co., Fla.App.1964, 166 So.2d 211, sought common law indemnity from Air Products, claiming that any liability of the hospital would be a vicarious liability for the active negligence of Air Products which caused the minor’s injury.
Air Products moved for and was granted summary final judgment on the direct claim of the minor plaintiff. It then moved for judgment on the pleadings against North Miami General’s cross-claim on the ground that the summary judgment entered- in favor of Air Products against the minor had established that Air Products was not negligent as the law of the case. In opposition to Air Products’ motion, North Miami General filed the affidavit of its purchasing agent to the effect generally that Air Products was under con *795 tract to the hospital to maintain the anesthesia machines used by the hospital.
The court granted judgment on the pleadings to Air Products, and North Miami General has appealed from that judgment.
A judgment on the pleadings is proper only if on the facts admitted by the motion, the moving party is clearly entitled to judgment. Miller v. Eatmon, Fla.App.1965, 177 So.2d 523; Adams Engineering Co. v. Construction Products Corp., Fla.App.1963, 158 So.2d 559. By filing a motion for judgment on the pleadings, all of the well pleaded allegations in the cross-claim were admitted as true by Air Products. See Wagner v. Wagner, Fla.App.1967, 196 So.2d 453.
Since the truth of the well pleaded allegations of the cross-claim is admitted, for the purposes of the motion, it would appear there is an issue raised by the pleadings as to whether Air Products was negligent in maintaining the machine by failing to detect and repair defects which were susceptible of discovery by reasonable inspection.
Even if we were to view the judgment on the pleadings as a summary final judgment, the record reflects unresolved material issues of fact. The amended pleadings of the minor plaintiff charged the hospital with negligence in using a dangerous and defective machine to administer the anesthesia and charged Air Products with negligence in furnishing the hospital with defective canisters of anesthesia which leaked so as to cause the breathing bag used during the operation to explode. The summary final judgment on behalf of Air Products on the minor’s direct claim established as a matter of law that Air Products had not negligently furnished defective canisters of anesthetic to the hospital. It did not establish as a matter of law that Air Products had not been negligent in the maintenance of the anesthesia machine. This was the essential claim of negligence asserted by the minor plaintiff against the hospital and by the hospital in turn, against Air Products in its cross-claim. Negligent use and maintenance of the machine was not claimed against Air Products by the minor plaintiff.
Consequently, the judgment on the pleadings be and the same is hereby reversed and the cause remanded for further action consistent herewith.