359 So.2d 533 (1978)
CITY OF MIAMI, a Municipal Corporation, Appellant,
v.
J.C. VEREEN & SONS, INC., a Florida Corporation, Appellee.
No. 77-866.
District Court of Appeal of Florida, Third District.
May 30, 1978.
*534 George F. Knox, Jr., City Atty., and G. Miriam Maer, Asst. City Atty., for appellant.
Prunty, Ross, Deloach & Olsen, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellee, which was the plaintiff below, moved for and obtained a judgment on the pleadings, cancelling a dedication deed made by it to the City of Miami. The City appealed.
In 1953 the appellee, owning property located on the east side of North Miami Avenue, between third and fourth streets, sought a variance to permit certain store fronts to encroach three feet onto City property, for 75 feet of the 300 foot frontage of its property. The application for variance was rejected on its merits, but the City agreed to grant the variance upon Vereen agreeing to dedicate to the City a strip of its land bordering on North Miami Avenue, consisting of said 75 feet of frontage, having a depth of 5 feet.
On July 13, 1953 the parties entered into an agreement which recited passage of an ordinance granting the above-mentioned variance, and the dedication to the City of the 75 X 5 foot strip located in the "zoned street area", and which recited that the appellee-owner could retain possession of said deeded strip until the street abutting that block should be widened by the City, at which time the encroachments made pursuant to the variance would be removed by the appellee, with appellee to post a $500.00 bond to guarantee removal of the encroachments.
On the same date appellee made and delivered to the City a special warranty deed to said 75 X 5 frontage strip, which recited receipt by the grantor of "TEN ($10.00) DOLLARS and other good and valuable considerations". As in the contract, the deed provided that possession would not pass to the grantee City "until said City widens North Miami Avenue" abutting said 75 X 5 foot strip, and contained therein was a covenant by the grantor to remove said encroachments as agreed. The deed contained a provision that if the City "should repeal its ordinance creating the setback on said North 75 feet of Lot 10, Block 84 North, of City of Miami" [citing the plat recordation] the property would revert to the grantor.
This action was filed by Vereen against the City on May 3, 1976. Prior to that time the said ordinance prescribing setback to accommodate street widening had not been repealed, and the street had not been widened by the City. Upon disclosing the above facts the complaint sought relief on the asserted ground that failure of the City to widen the street, during the time interval involved, amounted to abandonment by the City.
By an amendment to the complaint, as an added ground for the relief prayed for, the plaintiff-appellee claimed it was entitled to reconveyance of the property by virtue of the provisions of Sections 255.22 and 255.23, Florida Statutes (1975). Those sections provide that in the event an owner of adjoining land conveys real property, without receipt of valuable consideration, to a municipality or county for a specific purpose or use, if the latter shall fail to use the property for such purpose for a period of 60 consecutive months, then upon written demand of the grantor or his successor in interest, provided such person is then the owner of the adjoining land, the property may be reconveyed to such abutting land owner by quit claim deed. It is further *535 provided therein that when the purpose for which the property was conveyed required "physical improvement or construction on such property or the maintenance thereof" failure of the municipality or county to perform such, for the said period, shall be conclusively deemed to be abandonment thereof for the purpose for which it was conveyed.
The answer filed by the City admitted the making the of written agreement and the deed, and admitted that the street had not been widened, but denied abandonment, and denied the allegation that no steps had been taken with reference thereto, averring that for several years the City had been planning to widen North Miami Avenue; that the widening of the street is intended to be made in the future, when it will be made necessary by increased growth of the City and by reason of construction of a planned Convention Center and downtown Government Center. In answer to the amendment to the complaint by which plaintiff invoked the statutory sections cited above as a basis for recovery, the City averred that it gave consideration for the deed, citing the granting of the variance permitting encroachment upon City property as constituting valuable consideration.
The function of a motion for judgment on the pleadings is the same as a former common law demurrer. The well-pleaded allegations of the party opposing the motion are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Wagner v. Wagner, 196 So.2d 453 (Fla. 4th DCA 1967). Such a motion raises questions of law arising on the pleadings. Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965). Even when a motion for judgment on the pleadings is treated as a motion for summary judgment, it is to be heard wholly on the pleadings, without aid of facts dehors the pleadings. Reinhard v. Bliss, 85 So.2d 131 (Fla. 1956); Butts v. State Farm Mutual Automobile Ins. Co., 207 So.2d 73 (Fla. 3d DCA 1968). The procedure is designed to be primarily for application of the law to the facts. Riviera Printing Co. v. Hessler's, Inc., 109 So.2d 778 (Fla. 3d DCA 1959). Judgment may be granted only if, on the facts admitted for the purpose of the motion, the moving party is clearly entitled to judgment as a matter of law. Paradise Pools, Inc. v. Genauer, 104 So.2d 860 (Fla. 3d DCA 1958); Miller v. Eatmon, supra.
In granting the motion of the plaintiff for judgment on the pleadings and entering a judgment for the plaintiff, whereby the court directed the defendant City to reconvey the said 75 X 5 foot strip to the plaintiff, the ground therefor as stated in the judgment was that "The defendant City of Miami has abandoned, surrendered and released all right, title and interest in the conditional dedication of the property described in the complaint".
In our opinion the trial court was in error in so holding. The fact that the City, for the period of time involved, had not used the property for the intended purpose of widening the street did not of itself afford basis to hold, as the trial court did, that as a matter of law the City had abandoned the property for the intended street-widening use. Dade County v. City of North Miami Beach, 69 So.2d 780 (Fla. 1954). See also: Leslie Enterprises, Inc. v. Dade County, 293 So.2d 73, 75 (Fla. 3d DCA 1974).
In the North Miami Beach case, in which failure of the county to use property for the purpose for which it was conveyed, for a period of 17 years, was held not to be abandonment as a matter of law, the Supreme Court said:
"Some of the cases hold that when no time is fixed in the deed for reversion to take place a reasonable time consistent with the intention of the parties, the thing to be accomplished and the circumstances incident to its accomplishment will be considered to have been intended. A mere delay in the application of the land for the purpose of the grant or its improper use therefor will not impair the grant nor will it authorize the grantor to repossess it. When as in this case there is no dispute about these facts, what constitutes reasonable time is a question of law.

*536 [Citations Omitted] Since abandonment may not be shown by proof of nonuse, delay in use when the public need is not pressing does not constitute abandonment.
* * * * * *
"Abandonment is a question of intent and he who asserts it, has the burden of proving it. Nonuse is only evidence that may or may not point to abandonment. * * * The evidence shows conclusively that the county has had this and other projects for park purposes in mind for years and that it is proceeding with them as it deems best, as the circumstances warrant, as the need for them arises and means permit. The evidence shows that plans for further improvement of the park are in contemplation as soon as means and conditions justify."
Applying here the law as pronounced by the Supreme Court in the North Miami Beach case, it is evident that the City's delay in using the property to widen the street did not in law constitute an abandonment by the City, nor did the complaint otherwise show that the City had renounced the planned widening of the street or had taken any action amounting to affirmative abandonment by the City. On the contrary, by answer the City denied abandonment, and averred it was its purpose to use the property for street widening in the future when conditions should justify or require. From the outset, as revealed by the documents attached to the complaint, the widening of the street was a matter planned for the future, and no time limit was imposed on the City for its use for that purpose. In the circumstances the nonuse did not establish abandonment. To the extent that intent would bear on the question of abandonment, the bare pleadings did not furnish evidence of intent that would settle the question.
The appellee cites Woodlawn Park Cemetery Co. v. City of Miami, 104 So.2d 851 (Fla. 3d DCA 1958) and relies thereon as an authority supporting the judgment. In our view that decision is not in point or applicable to this case. There the City, prior to 1945, had identified a certain street as a 70 foot right-of-way. In platting a tract adjacent to the street in 1945 Woodlawn was required to dedicate a 35 foot strip, to the center of the right-of-way, to the City for its use for such street. In 1951, by ordinance, the City reduced the width of the street, establishing it as a 50 foot street, consisting of 25 feet on each side of the center line. That was affirmative action by the City which properly was held to amount to abandonment of the outside 10 feet of the 35 foot dedication which had been made to the City by Woodlawn for street purposes. In Woodlawn the court referred to Dade County v. City of North Miami Beach, supra, as having held that nonuse alone is evidence that may or may not point to abandonment, and that nonuse for the purpose for which dedicated, for 17 years, was not an unreasonable length of time.
Although in this case the trial court did not predicate the judgment on the statute invoked by the plaintiff [Sections 255.22 and 255.23, Florida Statutes (1975), it is to be observed that the provisions thereof would not support the judgment entered on the pleadings. That is so for two reasons. First, whether the conveyance was or was not for "valuable consideration" is not established by the pleadings. The complaint alleged the conveyance was without consideration. The answer denied that, and averred the contrary. Secondly, for the cited statute to operate to prompt reconveyance, the applicant therefor must be the owner of the land abutting that which was deeded to the City. There is no allegation in the complaint as amended that the plaintiff remains the abutting owner.
For the reasons stated the judgment entered on the plaintiff's motion for judgment on the pleadings is reversed, and the cause is remanded for further proceedings.
HENDRY, J., dissents.