485 So.2d 36 (1986)
J & J Utility COMPANY, INC., Appellant,
v.
WINDMILL VILLAGE BY THE SEA CONDOMINIUM NO. I ASSOCIATION, INC., Appellee.
No. 85-1534.
District Court of Appeal of Florida, Fourth District.
March 19, 1986.
J. Stockton Bryan, Stuart, for appellant.
Jane L. Cornett of Wackeen & Cornett, P.A., Stuart, for appellee.
GUNTHER, Judge.
J & J appeals a final judgment that granted Windmill's motion for judgment on the pleadings and dismissed J & J's first amended complaint with prejudice on the grounds that the issues were res judicata. We reverse.
In the instant case, prior to the motion for judgment on the pleadings, the trial court had made a specific finding that J & J's first amended complaint stated a cause of action. Thereafter, Windmill filed an answer and affirmative defenses raising the issue that the matter was res judicata. J & J denied that the matter was res judicata on the grounds that the issues were not the same as in a prior lawsuit between the parties.
A motion for judgment on the pleadings must be decided wholly on the pleadings without aid of outside matters. City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533 (Fla.3d DCA 1978). In ruling on such a motion, all well-pleaded allegations of the party opposing the motion are to be taken as true, and all allegations of the moving party which are denied are taken as false. Id.; Wagner v. Wagner, 196 So.2d 453, 454 (Fla.4th DCA 1967).
In order for the trial court to have decided that the issues were in fact the same in both cases, the judge would have had to review and rely on matters outside the pleadings in this case. Under the case law, the trial judge is precluded from relying on matters outside the pleadings and should not have granted the motion for judgment on the pleadings based on a finding that the issues were res judicata.
In the present case, the trial court specifically found that J & J's allegations stated a cause of action. In the present procedural posture, this court must view these allegations as true, and we must view Windmill's affirmative defense of res judicata as false. Therefore, we conclude that the trial court erred in granting the motion for *37 judgment on the pleadings and in dismissing the cause with prejudice.
REVERSED.
HERSEY, C.J., and DOWNEY, J., concur.