539 So.2d 18 (1989)
John R. FORBES, Appellant,
v.
Allan C. GIMBEL, Appellee.
No. 88-975.
District Court of Appeal of Florida, First District.
March 2, 1989.
John R. Forbes, Jacksonville, pro se.
Raymond W. Williams, Jacksonville, for appellee.
ZEHMER, Judge.
John R. Forbes appeals a final judgment awarding damages, interest, and costs to appellee, Allan C. Gimbel. The judgment was entered pursuant to an order granting Gimbel's motion for judgment on the pleadings. The sole surviving count of the third amended complaint alleged that Gimbel was employed as an associate of Forbes and that under the terms of their contract Forbes owed Gimbel a portion of the attorney's fees recovered in certain cases for work Gimbel performed pursuant to that contract. Forbes's answer disputed the terms of the agreement, denied that he had breached any agreement, and denied that he owed any funds to Gimbel. The answer also alleged that the claim was barred by *19 the statute of limitations. The case was set for trial on March 10, 1988, and on that date Gimbel filed his motion for judgment on the pleadings. The motion alleged that it was based on the complaint, the answer, the pretrial stipulation, and the defendant's admissions to plaintiff's request for admissions, and it was argued to the court on that date. The trial court granted the motion, then took evidence as to damages and the terms of the agreement, and entered the final judgment from which this appeal has been taken.
In passing on a motion for judgment on the pleadings, the court is required to take as true the allegations of the party opposing the motion and to take as false all allegations of the moving party that have been denied. City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533 (Fla. 3d DCA 1978); Wagner v. Wagner, 196 So.2d 453 (Fla. 4th DCA 1967). The third amended complaint and the answer constituted the only relevant pleadings in this case, Rule 1.100(a), Fla.R.Civil P., and only the pleadings may be considered in ruling on a motion for judgment on the pleadings. The request for admissions served pursuant to rule 1.370, referred to in the motion, are matters of discovery under rule 1.280, and such requests and the responses thereto are not properly considered on a motion for judgment on the pleadings, although they obviously may be considered in connection with a motion for summary judgment. The pleadings in this case reveal that critical facts are in dispute regarding the elements of plaintiff's cause of action and the statute of limitations defense. The terms of the contract, when payment was due, when the cause of action accrued, and whether the statutory period of the limitations had run could not be decided on the pleadings before the court. It was, therefore, error to grant the plaintiff's motion for judgment on the pleadings.
Even if we were to treat the motion as a motion for summary judgment, we could not affirm the judgment because Forbes was not given the requisite notice under the rules of civil procedure. Rule 1.510(c), Fla.R.Civ.P.
The judgment is reversed and this cause is remanded for trial on the disputed issues of fact.
REVERSED AND REMANDED.
SHIVERS and BARFIELD, JJ., concur.