588 So.2d 677 (1991)
Juan E. JARAMILLO and Clara Inez Jaramillo, his wife, Appellants,
v.
Alan E. DUBOW, as Trustee, Appellee.
No. 91-13.
District Court of Appeal of Florida, Third District.
November 12, 1991.
Koltun & Greenberg and Ana M. Veliz, Miami, for appellants.
Alan E. Dubow, in pro. per.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
Because the trial court, without dispute, relied on essential facts outside the pleadings when it granted the defendant Alan E. Dubow's motion for judgment on the pleadings based on the affirmative defense of res judicata, the final judgment on the pleadings was erroneously entered below and must be reversed. Although the point was not raised below, the error here is fundamental in nature and may be raised for the first time on appeal. J & J Util. Co. v. Windmill Village By the Sea Condominium No. 1 Ass'n, 485 So.2d 36 (Fla. 4th DCA 1986); City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533, 535 (Fla. 3d DCA 1978); see Keyes Co. v. Sens, 382 So.2d 1273 (Fla. 3d DCA 1980).
It is settled that "[a] motion for judgment on the pleadings must be decided wholly on the pleadings without aid of outside matters." J & J Util. Co., 485 So.2d at 36 (citations omitted); accord Hanft v. Phelan, 488 So.2d 531, 531 n. (Fla. 1986) ("Extrinsic evidence cannot be considered ... on a motion for judgment on the pleadings.") "In considering such a motion, all material allegations of the opposing party's pleading are taken as true, and all of the movant's allegations which have been denied are taken as false. Since the answer requires no responsive pleading, all allegations contained therein are deemed denied." Butts v. State Farm Mut. Auto. Ins. Co., 207 So.2d 73, 75 (Fla. 3d DCA 1968) (citations omitted). Where, as here, there has been no reply to the affirmative defense of *678 res judicata, it is deemed to be denied, and therefore false. J & J Util. Co., 485 So.2d at 36-37; see also Falick v. Sun N Sea, Inc., 81 So.2d 749, 750 (Fla. 1955); Fla. R.Civ.P. 1.100(a), 1.110(e).
The defendant contends, however, that at the hearing on the motion for judgment on the pleadings, the trial court had the discretion to treat the motion as being a motion for summary judgment, thereby allowing the court to consider matters outside the pleadings. There is no merit to this argument because the trial court granted the defendant's motion for judgment on the pleadings and at no time entertained the subject motion as a motion for summary judgment. Beyond that, where the trial court determines that it wishes to treat a motion for judgment on the pleadings as a motion for summary judgment so that it may consider matters outside the pleadings, it must so inform the parties and allow them the time and opportunity called for under the summary judgment rule, Fla. R.Civ.P. 1.510, to submit affidavits and other evidentiary materials in support of, or in opposition to, the motion. See Forbes v. Gimbel, 539 So.2d 18, 19 (Fla. 1st DCA 1989); Reno v. Adventist Health Systems/Sunbelt, Inc., 516 So.2d 63, 65 (Fla. 2d DCA 1987); Fla.R.Civ.P. 1.510(c); see also Stone v. Stone, 97 So.2d 352, 354 (Fla. 3d DCA 1957); cf. Fed.R.Civ.P. 12(c) (procedure under the counterpart federal rule). Clearly, this procedure was not followed in the instant case.[1]
The final judgment on the pleadings is reversed and the cause is remanded to the trial court for further proceedings, without prejudice to the defendant raising the res judicata defense herein on a motion for summary judgment in which undisputed material facts outside the pleadings may be relied on in support thereof.
Reversed and remanded.
NOTES
[1] The parties have both cited a portion of City of Miami v. J.C. Vereen & Sons, Inc., which states, "Even when a motion for judgment on the pleadings is treated as a motion for summary judgment, it is to be heard wholly on the pleadings, without aid of facts dehors the pleadings." 359 So.2d at 535. This cryptic sentence is a shorthand version of a point made in Reinhard v. Bliss, 85 So.2d 131 (Fla. 1956): a defendant's motion for judgment on the pleadings is functionally equivalent to a defendant's motion for summary judgment which is predicated solely on the pleadings. Id. at 132-33. J.C. Vereen follows Reinhard in saying that the legal standard is the same for both. The statement in J.C. Vereen has little practical meaning, however, because under the present rules of civil procedure, there is no necessity to convert a motion for judgment on the pleadings into a motion for summary judgment where the matter is to be resolved on the basis of the pleadings alone; in such circumstances, it is entirely sufficient to proceed on the motion for judgment on the pleadings.