803 So.2d 749 (2001)
Cheryl HOLLEY, Appellant,
v.
INNOVATIVE TECHNOLOGY OF DESTIN, INC., a Florida corporation, Travis Sanders, individually, Dennis Wilfong, individually, and Richard Stevens, individually, Appellees.
No. 1D00-2222.
District Court of Appeal of Florida, First District.
October 17, 2001.
Rehearing Denied January 11, 2002.
Clifton C. Curry, Jr., and Frank J. Nivert of Curry & Associates, P.A., Brandon, Attorneys for Appellant.
Kathy J. Maus and Eric E. Hartwell of Butler Burnette Pappas, Tallahassee, Attorneys *750 for Appellees Innovative Technology of Destin, Inc., Travis Sanders, and Richard Stevens.
Matthew W. Burns, Destin, Attorney for Appellee Richard Stevens.
Thomas S. Hogan, Jr., of The Hogan Law Firm, Brooksville, Attorney for Appellee Dennis Wilfong.
PER CURIAM.
Appellant filed suit against Appellees, her employer and three individuals alleging false imprisonment (count 2), assault and battery (count 3), and violation of section 448.102, Florida Statutes (count 7) ("Whistleblower's Act").[1] Appellees moved to dismiss numerous counts of the second amended complaint, including count 7, and Appellees Innovative Technology, Sanders, and Stevens moved for judgment on the pleadings as to count 7. The trial court dismissed count 7 with prejudice and entered judgment on the pleadings, concluding that the claim was untimely filed, stated a new cause of action, and did not relate back to the filing of the original complaint.[2]
Appellant's Whistleblower's claim was barred by the applicable statute of limitations. Section 448.103(1)(a), Florida Statutes, provides that an employee subjected to retaliatory personnel action in violation of this statute may bring a civil action within the earlier of (a) two years after discovering the retaliatory personnel action or (b) four years after the personnel action was taken. Id. However, if the Whistleblower's claim asserted in the second amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint], the amendment shall relate back to the date of the original [verified complaint]." Fla. R. Civ. P. 1.190(c). The relation back doctrine should be liberally applied. See Ron's Quality Towing, Inc. v. Southeastern Bank of Florida, 765 So.2d 134, 135 (Fla. 1st DCA 2000)(citing Schwartz ex rel. Schwartz v. Wilt Chamberlain's of Boca Raton, Ltd., 725 So.2d 451, 454 (Fla. 4th DCA 1999); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60, 66 (Fla. 3d DCA 1985), rev. dismissed sub nom. Ford Motor Co. v. R.A. Jones & Sons, Inc., 482 So.2d 348 (Fla.1986)).
The Whistleblower's claim is virtually identical to a count of the original verified complaint. "[A]n amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim." Kiehl v. Brown, 546 So.2d 18, 19 (Fla. 3d DCA 1989) (citing Keel v. Brown, 162 So.2d 321, 323 (Fla. 2d DCA 1964), cert. denied, 166 So.2d 753 (Fla.1964) (quoting J. Moore, A. Vestal & P. Kurland, Moore's Manual Federal Practice & Procedure § 9.09[9] (2d ed.1988))), rev. denied, 557 So.2d 35 (Fla.1990). Therefore, the trial court erred in dismissing count 7 and *751 granting judgment on the pleadings as to this count.
Additionally, the trial court granted Appellees' motions for summary judgment as to counts 2 and 3. Review of the evidence in the light most favorable to Appellant reveals genuine issues of material fact, which must be resolved by a jury. We reverse the trial court's orders granting summary judgment as to the assault and battery and false imprisonment counts. We affirm as to the remaining issues.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for the trial court to reinstate counts 2, 3, and 7 of the second amended complaint.
BOOTH and BROWNING, JJ., concur; BENTON, J., concurs in part and dissents in part with opinion.
BENTON, J., concurring in part and dissenting in part.
I would affirm summary judgment on count two, which alleged false imprisonment during a car ride, because the plaintiff admittedly got in the car voluntarily and disembarked at her destination without impediment. Otherwise, I join the opinion of the court.
NOTES
[1] Appellant also alleged other counts not relevant to the issues requiring reversal.
[2] The trial court was required to accept as true all allegations of the complaint and was limited to considering the four corners of the complaint for purposes of the motion to dismiss. See Anderson v. Emro Mktg. Co., 550 So.2d 531, 532 (Fla. 1st DCA 1989)(citing Chaires v. North Florida Nat'l Bank, 432 So.2d 183, 184 (Fla. 1st DCA 1983)). In ruling on the motion for judgment on the pleadings, the trial court was required to accept the allegations of the party opposing the motion as true, and to treat as false the movant's allegations that were denied. See Forbes v. Gimbel, 539 So.2d 18 (Fla. 1st DCA 1989) (citing City of Miami v. J.C. Vereen & Sons, Inc., 359 So.2d 533 (Fla. 3d DCA 1978); Wagner v. Wagner, 196 So.2d 453 (Fla. 4th DCA 1967)).