[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2005
THOMAS K. KAHN
CLERK

No. 04-13189
Non-Argument Calendar

_____

D.C. Docket No. 03-00090-CV-OC-10-GRJ

MICHAEL HOWARD,

Plaintiff-Appellant,

versus

NANCY DITSWORTH,
J.C. PENNEY COMPANY, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 31, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Michael Howard, a white male represented by counsel, appeals the district

court's grant of summary judgment to his employer, J.C. Penney Company, Inc.

("JCP") and his supervisor, Nancy Ditsworth ("Ditsworth"), in his retaliation suit alleging, inter alia, violations of the Florida Private Whistle Blower Act ("FWA"), Fla. Stat. Ann. §§ 448.102(1) and (3).

On appeal, the Appellees assert that Howard's FWA claims are barred by the two-year statute of limitations set forth in § 448.103(1)(a). The Appellees maintain that Howard gave oral notice of his intent to cease his employment with JCP on August 20, 1999, the day he discovered that he had not been promoted to a newly-created position of Loss Prevention Manager, and the Appellees argue that the statute of limitations began to run on this date. The Appellees note that Howard filed the instant action on March 12, 2003, three and a half years after the failure to promote. The Appellees argue that although the district court declined to address the statute of limitations issue and instead ruled that Howard failed to present a prima facie case of retaliation, the undisputed facts in the record establish that the statute of limitations had expired, and we could affirm on this alternative ground.

The FWA's statute of limitations sets an outer limit of four years from the time of the retaliation for bringing actions and two years from the time the retaliation is discovered, which ever is earlier. Specifically, § 448.103(1)(a) states:

2

> An employee who has been the object of a retaliatory personnel action . . . may institute a civil action . . . within 2 years after discovering that the alleged personnel action was taken, or within 4 years after the personnel action was taken, whichever is earlier.

Fla. Stat. Ann. § 448.103(1)(a) (emphasis added). At least one Florida court has stressed that, under this statute, "an employee . . . may bring a civil action within the earlier of (a) two years after discovering the retaliatory personnel action or (b) four years after the personnel action was taken." Holley v. Innovative Technology of Destin, Inc., 803 So.2d 749 (Fla. 1st DCA 2001).

In general, Florida courts have concluded that a plaintiff is deemed to have "discovered" his right to a cause of action when the plaintiff "knew or should have known of the injury." Lund v. Cook, 354 So.2d 940, 941 (Fla. 1st DCA 1978)(addressing a negligence claim). Under Florida law, a plaintiff need not have actually discovered the injury – instead the cause of action accrues when a plaintiff should have discovered it in the exercise of reasonable diligence. See Dovenmuehle, Inc. v. Lawyers Title Ins. Co., 478 So.2d 423, 424-25 (Fla. 4th DCA 1985)(applying discovery rule in a breach of contract action). Sheer ignorance of the existence of a cause of action does not serve to postpone the operation of a statute of limitations. Id.

3

In the instant case, Howard's action was untimely. Howard became aware of the adverse employment action at issue, JCP's decision not to promote him to the position of Loss Prevention Manager, on August 20, 1999. From the date upon which he discovered this adverse employment action, he had two years to file his suit. See Fla. Stat. Ann. § 448.103(1)(a). Although the statute provides for a statute of limitations of four years after the adverse employment action occurred, the statue clearly provides that the earlier of the two options is the controlling time frame. Id. Here, Howard knew that he was not promoted on August 20, 1999, but did not realize that it was actionable until he learned it was in a law school class two and a half years later. The fact that he was unaware at the time of JCP's decision that a legal wrong had occurred is irrelevant, as Howard's ignorance of the existence of a cause of action under the FWA did not serve to postpone the operation of a statute of limitations. See Dovenmuehele, 478 So.2d at 424-25.

Accordingly, the district court could have dismissed Howard's claims under the FWA as untimely. Even though the district court did not dismiss Howard's claims on these grounds, we affirm the district court's dismissal on this basis. See Parks v. City of Warner Robins, Ga., 43 F.3d 609, 613 (11th Cir. 1995) (explaining that we may affirm a decision on any adequate ground, even if other than that on which the district court actually relied.).

4

**AFFIRMED.**