VILLANTI, Judge.
Chantrala Britt appeals a judgment on the pleadings granting State Farm Mutual Automobile Insurance Company and Russell Whelpley $107,207.71 in their suit against- Britt for negligent operation of a motor vehicle. Based on our review of the pleadings, we conclude that the court should not have granted judgment on the pleadings, and we therefore reverse.
In this case, the pleadings consist of a complaint filed by State Farm as subrogee of Whelpley and Whelpley, individually, and a letter filed by Britt with the trial court. State Farm and Whelpley rightly refer to this letter as Britt’s answer to the complaint. The complaint alleged that Britt owned and operated a motor vehicle in such a manner that resulted in an accident with Whelpley. Britt’s pro se answer alleged that she had never been in a car accident, her car was never in an accident, she never had any contact with Whelpley, and this was a case of mistaken identity.
*98 To grant judgment on the pleadings, a trial court must find that, based on the pleadings, the movant is entitled to judgment as a matter of law. Tanglewood Mobile Sales, Inc. v. Hachem, 805 So.2d 54, 55 (Fla. 2d DCA 2001). “It is improper to enter a judgment on the pleadings if factual questions remain to be resolved.” Id. And, in considering a motion for judgment on the pleadings, the trial court is precluded from relying on matters outside the pleadings such as requests for admissions, interrogatories, answers to interrogatories, depositions, affidavits, stipulations, and any other documents permitted to be considered by Florida Rule of Civil Procedure 1.510. Hart v. Hart, 629 So.2d 1073, 1074 (Fla. 2d DCA 1994); see also Forbes v. Gimbel, 539 So.2d 18, 19 (Fla. 1st DCA 1989) (noting that requests for admissions are matters of discovery not properly considered in granting judgment on the pleadings).
Review of the pleadings in this case reveals major disputed issues of fact— whether there ever was a car accident involving Britt and Whelpley and, if so, whether Britt was liable. Therefore, the court erred by granting judgment on the pleadings in favor of State Farm and Whelpley. See Martinez v. Fraxedas, 678 So.2d 489, 491 (Fla. 3d DCA 1996); J & J Util. Co. v. Windmill Village by the Sea Condo. No. I Ass’n, 485 So.2d 36 (Fla. 4th DCA 1986). We reverse the trial court’s final judgment on the pleadings and remand for further proceedings.
Reversed and remanded.
SILBERMAN and KELLY, JJ., Concur.