VILLANTI, Judge.
Karen Brewster appeals the trial court’s order granting judgment on the pleadings in favor of Cheryl, Kevin, and Ignacio Castaño. The trial court concluded that Ms. Brewster violated the rule against splitting causes of action[1] by rais *1269 ing successive claims that arose from one ■wrongful act. Because the court imper-missibly considered the pleadings in another case to reach its conclusion, we reverse.
In May 2004, Ms. Brewster filed a four-count amended complaint against the Castanos, asking for both monetary and in-junctive relief. In Ms. Brewster’s complaint, she contended that the Castaños were damaging and causing flooding to her property. She also asserted that they were inflicting emotional distress by shouting rude and insulting comments, physically harassing her, exposing themselves, cutting down her fence, threatening physical harm, and filing false police reports. In answer to Ms. Brewster’s complaint, the Castaños raised as an affirmative defense the rule against splitting causes of action. The Castaños contended that Ms. Brewster had raised the same claims against them in case number 00-01770, Division B. Ms. Brewster responded, specifically denying the affirmative defense and contending that the issues and parties in her two cases were not in fact the same. The trial court entered judgment on the pleadings, concluding that Ms. Brewster “has raised issues that either were or could have been raised in the prior litigation....”
It is well settled that a “trial court’s decision whether to grant a motion for judgment on the pleadings must be decided solely on the pleadings without reference to outside matters.” Schwartz v. Greico, 901 So.2d 297, 299 (Fla. 2d DCA 2005). “ ‘In considering such a motion, all material allegations of the opposing party’s pleading are taken as true, and all of the movant’s allegations which have been denied are taken as false.’ ” Jaramillo v. Dubow, 588 So.2d 677, 677 (Fla. 3d DCA 1991) (quoting Butts v. State Farm Mut. Auto. Ins. Co., 207 So.2d 73, 75 (Fla. 3d DCA 1968)). When there has been no reply to an affirmative defense, it is deemed to be denied and therefore false. Id. at 678.
In answer to Ms. Brewster’s complaint, the Castaños raised the affirmative defense that Ms. Brewster was improperly splitting causes of action. Ms. Brewster specifically denied the affirmative defense in her response. To resolve the issue, the trial court had to have reviewed matters outside the pleadings. See J & J Util. Co. v. Windmill Village by the Sea Condo. No. I Ass’n, 485 So.2d 36, 36 (Fla. 4th DCA 1986). Therefore, the trial court erred in granting judgment on the pleadings, and we must reverse the trial court’s order. We remand for further proceedings in which the Castaños may raise their splitting causes of action defense in a motion for summary judgment. See Jaramillo, 588 So.2d at 678. In a motion for summary judgment, the Castaños may rely on undisputed material facts outside the pleadings. See Soler v. Secondary Holdings, Inc., 771 So.2d 62, 72 (Fla. 3d DCA 2000) (“A motion for summary judgment goes outside the pleadings and tests the sufficiency of facts to which substantive legal principles are applied.” (internal quotation omitted)).
Reversed and remanded.
CANADY and STRINGER, JJ., Concur.

. The rule against splitting causes of action is an aspect of the doctrine of res judicata. Dep't of Agric. & Consumer Servs. v. Mid-Florida Growers, Inc., 570 So.2d 892, 901 *1269 (Fla.1990). It "makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action.” Id. The rule against splitting causes of action is based on the principles that there should be finality in court cases and multiple lawsuits arising out of a single incident are costly, inefficient, and cause substantial delay in resolving disputes. Id.