BROWNING, C.J.
Appellant Leavitt Communications (Leavitt) seeks review of a summary judgment entered for Appellee Darlene Foret (Foret). For the reasons discussed below, we affirm the summary judgment in all respects, except as to the portions of Counts IV and V addressing an $11,758.48 check which the bank refused to honor. The facts are as follows.
Leavitt sued Foret by serving a series of amended complaints that culminated with a third amended complaint containing three counts as to Foret (Counts II, IV, and V) alleging various theories of recovery against Foret. Leavitt filed its original complaint on March 12, 2002, filed its first amended complaint on July 1, 2003; filed its second amended complaint on June 14, 2004; and filed its third amended complaint on December 6, 2004.
Each time, the trial court entered an order authorizing the amendments to Leavitt’s complaint; the orders provided that the amended complaint “shall be deemed filed as of the date of this order.” Each amended complaint contained a count alleging recovery against Foret of the $11,758.48 check, and also contained a count seeking recovery from Foret on an alleged personal guarantee of the $11,758.48 check.
On February 22, 2005, the trial court rendered an order granting summary judgment on all counts against Foret on the basis that such counts were all barred by the statute of limitations. By this action, the trial court erred as to the $11,758.48 check.
A cause of action contained in an amendment to a pleading is considered filed on the date of the original complaint if it “arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading.” Fla. R. Civ. P. 1.190(c). Claims also relate back to the filing of a motion to amend which contains the proposed amended complaint. Totura & Co. v. Williams, 754 So.2d 671 (Fla.2000). This is true even when the statute of limitation has run in the interim. See Holley v. Innovative Tech. of Destin, Inc., 803 So.2d 749 (Fla. 1st DCA 2001). Thus, when considering an amended complaint, it is incumbent upon a trial court, before dismissing a claim as barred by the statute of limitations, to determine when each claim was filed as well as the statute’s expiration date.
When these rules are applied here, the trial court erred by entering summary judgment on Count IV and Count V of the complaint as they relate to the $11,758.48 check. Count IV raises claims as to the $11,758.48 cheek and a $13,516.96 check; and Count V raises claims that Foret personally guaranteed the payment of both checks. For both checks the limitation period began to run on June 27, 1999, and expired on June 27, 2004. See § 95.11(2)(b), Fla. Stat. (1999) (providing a limitation period of five years). The claims based on the $11,758.48 check were asserted in each complaint filed by Leavitt and, thus, relate back to the filing date of the original complaint. However, the claims on the $13,516.96 check are untimely because they were first raised on De *259 cember 6, 2004, by Leavitt’s third amended complaint and are barred by section 95.11(2)(b), Florida Statutes.
Accordingly, we REVERSE as to the $11,758.48 check and Foret’s personal liability for such check, AFFIRM as to all other issues, and REMAND for proceedings consistent with this opinion.
ERVIN and BENTON, JJ., concur.