GOSHORN, Chief Judge.
Squires III, Inc. appeals the final judgment entered on the pleadings[1] in favor of National Union Fire Insurance Company of Pittsburgh (National). We reverse.
National insured Squires’ restaurant which was later destroyed by fire. Squires ultimately sued National under the policy to recover loss of business income and incorporated the policy into the complaint. The insurance policy contained an endorsement entitled “BUSINESS INCOME COVERAGE FORM” which provided reimbursement for loss of net income caused by direct physical loss or damage to the insured property.
*273 In the answer, National admitted that it issued the insurance policy and that Squires’ restaurant was damaged by fire. However, National asserted by affirmative defense that:
1. Squires did not request or intend business income loss coverage.
2. Squires did not pay any premiums for business income loss coverage.
3. If a business income loss endorsement was included as a part of the policy, the inclusion was an inadvertent clerical error.
National also counterclaimed for reformation of the contract of insurance.
National then moved for judgment on the pleadings on the ground that no contract for coverage for business income loss existed. National contended that the existence of such coverage is determined, inter alia, by the amount of coverage listed on the declarations page of the policy. National contended in the instant case, a material element of the asserted contract was missing because the declarations page listed no amount of coverage for business income loss, and as a result, no contract ever arose. In response, Squires contended that the policy’s third declarations page, which is entitled “LIMITS OF INSURANCE,” provided the material element by listing a general aggregate policy limit of one million dollars.
After hearing argument, the trial judge concluded as a matter of law that the general aggregate limit of one million dollars did not apply to the business income loss coverage and found that:
[t]he declarations page does not contain an amount of insurance. The absence of a coverage limit is not an ambiguity. Rather the absence of an applicable limit of insurance on the declarations page for business income coverage reveals there is no meeting of the minds as to an essential element of the insurance contract.
We disagree. The first page of the policy expressly includes the endorsement entitled “Business Income Coverage Form” and states in large print that “IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.” After careful review, we conclude that inclusion of the business income loss endorsement, without listing specific limits of liability for business income loss coverage on the declarations page, creates an ambiguity in the policy. This ambiguity requires a factual determination of whether the parties intended to include business income coverage in the policy.
A court may properly enter final judgment on the pleadings only when the plaintiff’s complaint is legally insufficient to state a cause of action. Reinhard v. Bliss, 85 So.2d 131, 133 (Fla.1956). All of the facts pled by National in its answer are deemed denied and disregarded for the purposes of the motion. See id. at 132. Based upon the provisions of the policy and the inclusion of the business income loss endorsement, we find that Squires’ complaint initially states a cause of action. Accordingly, the trial court’s entry of final judgment on the pleadings in favor of National was error. Therefore, we reverse the final judgment and remand the cause for further proceedings.
REVERSED and REMANDED.
COWART and PETERSON, JJ., concur.

. Fla.R.Civ.P. 1.140(c).