| ¡¡CANNELLA, Judge.
Defendant, Ben Muhammad, appeals from a judgment finding him in contempt of an order to repair certain defects and correct certain violations of the Jefferson Parish building and plumbing ordinances; We affirm.
The Parish of Jefferson (the Parish) filed a petition against defendant on February 3, 1995, alleging that defendant’s house, located at 6420 Acre Road, Marrero, Louisiana was in violation of various Parish code requirements, including No.16280, 2225, art. 305 and 8154, sections 3.31, 3.32, 3.33, 3.34 and 3.35 by having a building that is unsafe and dangerous. The violations consisted of missing and broken windows, window panes and screens; broken, rotten or missing exterior doors; external steps in disrepair and not according to the Parish Code; holes in the walls and floors and not rodent proof; open interior hallway walls, floors and ceilings; defective plumbing. The Parish requested that defendant be ordered to obtain proper permits, replace or repair the damaged areas, obtain a Master Plumber to bring the plumbing “up to Code” and to file the Uproper documents with the Parish for the completion of these jobs. Otherwise, the Parish requested that the building be demolished or defendant be ordered to pay a fine in the amount of $100 each day that the violations continue.[1]
A hearing on the matter was held on May 4,1995. Defendant represented himself. At that time, the parties entered into a Consent Judgment giving defendant 45 days from May 2, 1995 to make all the necessary repairs required by the Parish. The judgment recited the list of repairs. The judgment noted that if the repairs were not made in 45 days, defendant would be subject to the $100 per day fine.
On September 20, 1995, the Parish filed a Rule for Contempt asserting that defendant had not complied with the Consent Judgment *906 relative tó the plumbing ordinance, No. 2225, Art. 5103, Section 3, Subsection 3.34. A hearing was set for October 4, 1995, but the record does not contain any disposition. A second Motion for Contempt was filed on November 8,1995 and a hearing was held on December 6, 1995. Following the hearing, after discussing the matter on the record with the parties, the trial judge stated that he would give defendant two weeks to substantially comply with the Parish’s demands. He stated that he would withhold judgment until he heard from the Parish in two weeks. Defendant failed to comply and on January 10,1996, the trial judge rendered a judgment against defendant ordering him to pay a fine of $17,500, which was $100 per day from May 1995 until the date of judgment. He then gave defendant another five days to have a Master Plumber file the job and complete the plumbing repairs. The judgment stated that if defendant failed to complete the repairs within five days, the Jefferson Parish Department of Inspections and Code Enforcement “shall” immediately have all the utility services disconnected from the property. Defendant was ordered to pay all costs.
^Defendant represents himself on appeal. He argues that circumstances hindered his attempt to get the plumbing fixed. He notes that he completed the original repairs cited in the petition.
At trial, Earl LeBlanc, the plumbing inspector of the Parish testified that the two baths in the house were originally in deplorable condition and not up to Code requirements. He stated that at the May 1995 hearing, he personally explained to defendant what he needed to do. However, his department never received any request from a Master Plumber to complete the repairs. LeBlanc noted that two requests were filed. One was from Earl Dufrene to reset fixtures. However, after speaking to LeBlanc, Du-frene discovered that there were violations in the house and Dufrene requested a release from the project. The second plumber, Grant Clark, only filed for gas line work, not plumbing work. Defendant’s comment was that he thought the plumbers were taking care of the problem. LeBlanc drove by the property in August 1995 and discovered that someone put a new bathroom in the house without permits and without inspection of the work before the walls were closed, which is a violation of the ordinances. He also noticed that the hot water heater was connected with prohibited plastic pipe and the reliever line was not at the proper level. He took photographs of the problems, which were introduced into evidence. He stated that as of the date of trial there had not been any filing by a Master Plumber for the bathroom work. Various department documents were introduced into evidence showing the application of Dufrene for reset work which was not done and showing blanks for the inspection. Dufrene’s letter of release was introduced as well indicating he did not do the reset work. LeBlanc testified that Dufrene got released when he found out that the house was in violation of the code.
During LeBlanc’s testimony, defendant and LeBlanc discussed the incomplete work and the absence of proper inspections and documentation. Although defendant stated that he thought everything was being fixed, he agreed | gthat LeBlanc informed him what needed to be done. The trial judge was told that the walls of the bathroom would have to be opened to check to see if the correct type of pipes were in the wall and that the work was done correctly. He stated that a Master Plumber would have to file for the job and that he would have to remove all PVC pipe and replace it with either copper or polybuta-lene material. LeBlanc stated that he would be more than willing to again go over with defendant what needed to be done, although he stated that he had met with defendant in the past.
Alvin Alonzo, the building inspector for the Parish also testified. He testified that defendant was in violation of the code requirements for steps and that one had been removed, the other stair was not up to code and there was a brick ledge that had to have steps placed there for an exit. Alonzo noted that defendant had completed a great many repairs and there were no other building violations.
Defendant then testified. He stated that he worked for an individual named Giambel-luca doing screen printing and driving Giam- *907 belluca’s children to school and back. On Christmas Eve, he ran out of gas and Giam-belluca got angry. After the New Year, Giambelluea fired him. He worked for Gi-ambelluca’s brother for awhile, but had transportation problems. He became unemployed and found out that his son had AIDS in Atlanta. He stated, however, that someone else was going to lend him $2500 to finish the work on the house. Initially, Gi-ambellcua was going to do all of the repairs, taking a portion of the bill out of defendant’s pay, but then he and Giambelluea had a falling out and defendant lost his job. Defendant stated that he wants to do the repairs correctly because he now raises three grandchildren, ages ten, seven and four. He admitted meeting with LeBlane, Giambelluea and Conrad in September 1995, as well as meeting with plaintiffs trial attorney in June and September of 1995.
I sAt the conclusion of the trial, the trial judge took the ease under advisement, but told defendant that he had two weeks to get another plumber. He instructed defendant not to “dilly-dally”, and to get a list of what needed to be 'done to give to the plumber so that he would know if the plumber completed the work or not. The Parish agreed that two weeks would be enough to file for the inspection and hire a plumber.
After reviewing the record, we find that defendant was given numerous opportunities to comply with the Consent Judgment. The trial judge was particularly interested in giving defendant an opportunity to get the work done after the trial and avoid the fine. Even the judgment rendered in January, a month after the trial, gave defendant another five days to comply with the order to get the plumbing inspected and up to Code requirements. Whatever impression defendant may have had before the hearing, it was made clear to him at the hearing what he must do to avoid any penalty. Yet, he still failed to make the proper effort, even after admitting that he would have the money to make the repairs and agreeing to do so. On appeal he fails to justify his neglect, using the same excuses he gave the trial judge. Accordingly, we conclude that the trial judge did not err in assessing the $100 per day fine and instructing the Parish to cut off the utilities if defendant failed to comply within five days of the contempt judgment.
Accordingly, the judgment of the trial judge is hereby affirmed.
Defendant is to pay costs of this appeal.

AFFIRMED.

. Defendant was cited for the violations in September 1994.