722 So.2d 218 (1998)
4100 5th AVENUE CORP., Appellant,
v.
PHL/MILLWORK DIVISION, INC., Redstone Resources, Ltd., and Redstone Resources and Funding Corp., Appellees.
No. 98-00257.
District Court of Appeal of Florida, Second District.
October 21, 1998.
Rehearing Denied November 24, 1998.
*219 Roy C. Skelton, Clearwater, for Appellant.
R. Wade Wetherington of Wetherington, LeFloch & Hamilton, P.A., Tampa, for Appellees Redstone Resources, Ltd., and Redstone Resources and Funding Corp.
No appearance for Appellee PHL/Millwork Division, Inc.
CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court order granting appellees Redstone Resources, Ltd.'s and Redstone Resources and Funding Corp.'s (hereinafter referred to as Redstone) motion for judgment on the pleadings. After a review of the record, we agree with appellant that the trial court erred in so ruling and reverse.
In considering a motion for judgment on the pleadings, all material allegations of the opposing party's pleadings are to be taken as true, and all those of the movants which have been denied are taken as false. See Farag v. National Databank Subscriptions, Inc., 448 So.2d 1098 (Fla. 2d DCA 1984). A motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law. It is improper for a court to enter judgment on the pleadings where factual questions remain. See Farag.
Appellant's complaint alleges that in March 1995 it entered into a security agreement with appellee PHL/Millwork Division, Inc. (hereinafter referred to as PHL) whereby appellant would purchase accounts receivable owed to and owned by PHL. PHL executed a UCC-1 financing statement in favor of appellant which included, among other items, accounts receivable. This financing statement was duly recorded in the public records of Pinellas County and with the Department of State. PHL subsequently breached the security agreement by collecting remittances from its customers and failing to deliver them to appellant.
In October 1995, PHL customer Steve Kramer purchased $13,295.10 worth of goods on account. In November 1995, PHL entered into a financing arrangement with Redstone. Appellant argues that despite its security interest in the accounts receivable of PHL, Kramer paid the money due PHL to Redstone. Appellant made a written demand upon Redstone for payment of the money it received from Kramer, but Redstone refused. Appellant subsequently brought suit against PHL for breach of contract. The action was later amended to include the other appellees, alleging conversion and civil theft. These counts were subsequently dismissed by the court with leave to amend. Appellant thereafter filed a third amended complaint seeking a declaratory judgment regarding the rights of the parties to the money Kramer paid to Redstone. It was in response to this third amended complaint that Redstone filed its motion for judgment on the pleadings.
In its order granting the motion for judgment on the pleadings, the trial court noted that appellant alleged in its complaint that Redstone had filed a financing statement in favor of appellant and that the document was duly recorded. According to Farag, this allegation must be taken as true. The court determined, however, that the document had been improperly filed because the copy of the financing statement attached to the complaint indicated that it had only been filed in the Pinellas County public records and not *220 with the Secretary of State as required under section 679.401(1)(c), Florida Statutes (1997). The court therefore determined that since there was no allegation that Redstone had any knowledge of the contents of appellant's financing statement, which is required under section 679.401(2), Florida Statutes (1997), if the financing statement has not been properly filed, appellant's interest in the proceeds was not perfected.
At the hearing on the motion for judgment on the pleadings, appellant's counsel represented to the court that the financing statement had been properly filed in both the public records and with the Secretary of State in accordance with the statute, and that he had inadvertently attached the wrong copy to the complaint. The record reveals that counsel mailed a copy of the UCC-1 financing statement to the court that same day showing that the statement had been filed with the Secretary of State on March 8, 1995, one day prior to the filing in Pinellas County. Since the trial court was obligated to accept appellant's allegations in its complaint as true, we conclude that the act of the trial court in granting the motion for judgment on the pleadings when the court was on notice that proper filing of the UCC-1 financing statement may have been accomplished was improper. There were clearly issues of fact and law regarding the nature and extent of Redstone's security interest in the accounts receivable at issue and whether Redstone had knowledge of the contents of the financing statement preventing entry of judgment on the pleadings.
Accordingly, we reverse and remand.
FRANK and GREEN, JJ., Concur.