805 So.2d 54 (2001)
TANGLEWOOD MOBILE SALES, INC., a Florida corporation, Appellant,
v.
Saleh HACHEM d/b/a Hacienda Village Mobile Home Park, Appellee.
No. 2D01-578.
District Court of Appeal of Florida, Second District.
December 28, 2001.
*55 Randall J. Love, New Port Richey, for Appellant.
Roland D. Waller of Waller & Mitchell, New Port Richey, for Appellee.
FULMER, Judge.
Tanglewood Mobile Sales, Inc. ("Tanglewood") appeals the final judgment in favor of Saleh Hachem d/b/a Hacienda Village Mobile Home Park ("the Park") entered on the Park's motion for judgment on the pleadings. Because the trial court made an impermissible factual determination in ruling on the motion, we reverse.
It is well settled that in ruling on a defendant's motion for judgment on the pleadings, all the allegations set forth in the complaint must be taken as true and all the allegations in the answer, which are automatically denied, must be accepted as false. Delgado v. J.W. Courtesy Pontiac GMC-Truck, Inc., 693 So.2d 602 (Fla. 2d DCA 1997). Whether to grant a motion for judgment on the pleadings must be decided wholly on the pleadings, without the aid of outside matters. See J & J Util. Co. v. Windmill Village by the Sea Condo. No. 1 Ass'n, 485 So.2d 36 (Fla. 4th DCA 1986). The trial court may grant a motion on the pleadings only if the moving party is clearly entitled to judgment as a matter of law. 4100 5th Ave. Corp. v. PHL/Millwork Div., Inc., 722 So.2d 218 (Fla. 2d DCA 1998). It is improper to enter a judgment on the pleadings if factual questions remain to be resolved. Id.
Tanglewood's amended complaint alleged that on or about April 2, 1993, Tanglewood and the Park entered into an agreement whereby Tanglewood was granted certain sale rights in forty-five unfilled mobile home lots located in the Park. Pursuant to the agreement, Tanglewood was required to grade the lots, provide for proper drainage, and remove trees. Tanglewood was to use its best efforts to market the unfilled lots and was required to keep sales people at the Park during normal business hours. In exchange, Tanglewood was given the right to sell mobile homes owned by the Park on a commission basis. The agreement also provided:
"Tanglewood" is to follow through with setting up and finishing homes similar to the homes that are there now. This is to include: (1) Concrete driveways, (2) Split block skirting, (3) Carports, (4) Utility rooms, (5) Plumbing and wiring, (6) Sod, shrubs and so forth.
. . . .
"Tanglewood" agrees to stock at least five completed models at "the Park" at all times.
The agreement contained the following termination provision that allowed either party to terminate the agreement upon ninety days' written notice:
This AGREEMENT may be terminated by either party upon a 90 day written notice. In the event of a 90 day termination by "The Park", "The Park" would buy the models already set up in "The Park" at "Tanglewood's" cost.
In its complaint, Tanglewood alleged that it installed certain mobile homes and amenities as required by the agreement. The cost of the amenities was in excess of $15,000, and the amenities included but were not limited to concrete driveways, split block skirting, carports, utility rooms, plumbing and wiring, sod and shrubs. The Park subsequently terminated the agreement and took possession of the mobile *56 homes and amenities, allegedly without paying Tanglewood for the cost of the amenities. Tanglewood sought damages for the Park's failure to pay Tanglewood for the cost of the amenities and improvements installed in connection with the mobile home models it had placed in the Park.
The Park filed a motion for judgment on the pleadings, arguing that the termination provision of the agreement is unambiguous and creates no duty to pay for amenities. The Park contended that the agreement does not address amenities; it only provides that the Park will pay Tanglewood the price Tanglewood paid to purchase the mobile homes that were set up as models. Tanglewood argued that the term "cost," as used in the termination provision, includes the costs, referred to as "amenities" in the complaint, associated with Tanglewood's duty to set up the models.
Following a hearing on the Park's motion for judgment on the pleadings, the trial court concluded that the agreement was unambiguous and construed the term "at Tanglewood's cost" to mean the manufacturer's price for the mobile homes, excluding the cost to set up the mobile homes. The court then entered final judgment in favor of the Park.
The term "cost" is not defined in the agreement, and it is clear that the dispute in this case turns on the meaning of this term as it is used in the agreement. Because the term is not defined in the agreement, an ambiguity exists that must be resolved by a factual determination of the parties' intent. The Park's interpretation appears to grant a windfall to the Park. And, it may be that the parties intended that Tanglewood bear the cost of setting up the models. However, by accepting the Park's definition of "cost" and rejecting Tanglewood's interpretation, the trial court made a factual determination that is not permitted in considering a motion for judgment on the pleadings. Therefore, it was error to enter judgment on the pleadings. See Squires III, Inc. v. Nat'l Union Fire Ins. Co., 593 So.2d 272 (Fla. 5th DCA 1992).
Accordingly, we reverse and remand for further proceedings.
WHATLEY and STRINGER, JJ., Concur.