PAUL A. BONIN, Judge.
 

 11 This is an appeal in a workers’ compensation case by the employer and its insurance carrier from an adjudication of contempt against the insurer only, Gray Insurance Company (“Gray”), for disobedience of an order of the OWC judge and the imposition of fines of $100.00 per day for each day of disobedience of the order. For the reasons we give below, we reverse the judgment, and remand to the OWC for further proceedings consistent with this opinion.
 

 FACTS AND PROCEDURAL HISTORY
 

 The claimant, Jerry Jackson, alleged that he was injured while in the course and scope of his employment with M.R. Pittman, LLC, as a result of an unprovoked attack by a co-employee. The employer and its compensation carrier, Gray,
 
 [1]
 
 began the payment of benefits, but asserted an affirmative defense of fraud against Mr. Jackson.
 
 See
 
 La. R.S. 23:1208.
 
 [2]
 
 Later, Gray discontinued paying benefits to Mr. Jackson and filed a motion for summary judgment on the fraud defense.
 

 Before the hearing on the motion for summary judgment, Mr. Jackson filed a motion to compel the employer to make the requisite provisions for examination and treatment of Mr. Jackson by a neurosurgeon of his choice. The treating 12physician, Dr. Wood, had determined that Mr. Jackson’s injuries should be evaluated by a neurosurgeon. The employer is required by La. R.S. 23:1121(B)(1) to honor such a request from the employee. Gray objected to the motion to compel on the grounds that the motion for summary judgment was pending.
 

 On March 17, 2008, the OWC judge granted the motion to compel and served both the claimant’s attorney and the defense attorneys in the hearing room with her written order. Apparently, counsel for the parties later had informal discussions with each other during which, as claimant’s counsel contends, defense counsel indicated that her clients had no intention of complying with the court order until after a decision by this court on an application for supervisory writs which they intended to file, and, as defense counsel contends, claimant’s counsel advised that he had not yet selected a neurosurgeon. On April 3, 2008, Gray filed its notice of intention to file an application for supervisory writs.
 
 [3]
 

 On April 4, 2008, the claimant filed a motion for contempt against the employer in which he specified that he was proceeding under the provisions of La. R.S.
 
 *909
 
 23:1310.7. The employer filed its opposition on April 7, 2008, in which it noted that the time for filing its writ application had not yet expired and that Mr. Jackson had not as yet identified the neurosurgeon of his choice.
 

 By letter dated April 24, 2008 to defense counsel, Mr. Jackson’s counsel asserted that he had been attempting to obtain from defense counsel the identity of the individual for him to contact about making arrangements for the neurosurgeon and that he had been ignored. He went on to identify a neurosurgeon by name for the first time, Dr. Richard Corales.
 

 |sThe following day, April 25, 2008, Gray filed its application in this court for supervisory writs. The OWC judge had not at any time up to this point granted a stay of the execution of her order of March 17, 2008.
 
 [4]
 
 On May 2, 2008, Gray requested expedited consideration of its pending writ application and requested that this court stay the enforcement of the March 17, 2008 order.
 

 This court denied the request for a stay on May 9, 2008.
 
 [5]
 
 On May 12, 2008, counsel appeared before the OWC judge for the hearing on the claimant’s motion for contempt. During the hearing counsel for Gray argued three points: (1) since the claimant filed his motion for contempt before the expiration of delays for supervisory relief and before he identified Dr. Co-rales, the motion was premature and would have to be re-filed; (2) even though Dr. Corales had been identified and this court had denied a stay of the enforcement of the order, the order was not enforceable because the writ application was still pending; and (3) their conduct was not wilful, precluding an adjudication of contempt. Gray made clear during the hearing that it had no intention of complying with the March 17th order unless and until this court denied them relief.
 

 On May 27, 2008, the OWC judge issued her decision with written reasons, adjudicated Gray in constructive contempt of court. She also fined Gray $100.00 per day for each day, beginning with March 17, 2008, until it complied with the order compelling examination and treatment by Dr. Corales. In her written reasons, she did not cite the statute upon which she based her fines, and she did not place a limit on the total amount to which the employer would be subjected. From the judge’s decision, Gray suspensively appealed to this court.
 

 |4On May 29, 2008, this court denied the writ application regarding the March 17, 2008 order.
 

 On June 10, 2008, defense counsel notified claimant’s counsel by letter that an appointment for Mr. Jackson with Dr. Co-rales had been confirmed for June 18, 2008.
 

 LEGAL ISSUES ON APPEAL
 

 On appeal, Gray assigns two errors. The first is that its conduct does not constitute constructive contempt. The second is that the penalty imposed by the OWC judge is not an authorized penalty for constructive contempt. The claimant has not appealed.
 

 As we noted earlier Mr. Jackson specified in his motion for contempt that he was proceeding pursuant to the provisions of La. R.S. 23:1310.7, which provides:
 

 
 *910
 
 A.
 
 A workers’ compensation judge shall have the power to enforce any order or judgment he shall deem proper which is issued pursuant to the powers and jurisdiction provided for in this Chapter and the Constitution of Louisiana.
 
 This power shall not include the authority to order a person confined.
 

 B.(l) Direct contempt in a workers’ compensation proceeding shall be as defined in Louisiana Code of Civil Procedure Article 222, except that it shall be committed before or in response to a subpoena or summons of a workers’ compensation judge instead of the court. In a case of direct contempt, the workers’ compensation judge may assess a civil fine of up to five hundred dollars for each such contempt violation which shall be payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation.
 

 (2) Constructive contempt in a workers’ compensation proceeding shall be as defined in Louisiana Code of Civil Procedure Article 224, except that it shall be concerning the workers’ compensation judge and hearing procedures instead of the court.
 
 In a case of constructive contempt, the workers’ compensation judge may assess a civil fine of up to five hundred dollars for each such contempt violation which shall be payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation.
 

 (3) In any case where the workers’ compensation judge has found a party in direct or constructive contempt, or has | ^imposed sanctions on a party for conduct in connection with the litigation of a claim, the workers’ compensation judge shall issue written reasons in connection with said ruling and shall report such findings to the director on a form promulgated by the director, within thirty days of the ruling.
 

 C. Workers’ compensation judges shall have the authority to issue subpoenas and subpoenas duces tecum as provided in Louisiana Code of Civil Procedure Articles 1351 through 1354. Subpoenas issued pursuant to this Section may be served by certified mail, return receipt requested.
 

 D. Nothing in this Section shall be construed to limit the power of the workers’ compensation judge to encourage compliance with and enforcement of his orders by means other than referral to the district courts for contempt proceedings.
 

 (Emphasis added.)
 

 This statute confers upon an OWC judge the power to punish for constructive contempt. La. R.S. 23:1310.7(A) and (B)(2). Constructive contempt is determined by reference to La. C.C.P. art. 224(2), which provides in pertinent part:
 

 A constructive contempt of court is any contempt other than a direct one.
 

 Any of the following acts constitutes a constructive contempt of court:
 

 [[Image here]]
 

 (2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
 

 [[Image here]]
 

 Section 2 of the article makes clear that “wilful disobedience” of a lawful order is punishable as constructive contempt. There is no question at this point that the March 17, 2008 order was lawful as it is authorized by La. R.S. 23:1121(B)(1)
 
 [6]
 
 and
 
 *911
 
 Gray does not argue otherwise in this appeal.
 

 |(;We first note that the May 27, 2008 order from which this appeal is taken is a final judgment as it imposes sanctions or disciplinary action similar to the provisions of La. C.C.P. art. 1915(A)(6). The 1999 comment to this article states that a judgment imposing sanctions or disciplinary actions is a final appealable judgment.
 
 See also Corbello v. Isle of Capri Casino,
 
 04-1633, p. 2 (La.App. 3 Cir. 1/12/05), 892 So.2d 149, 150.
 

 The appellate standard of review for sanctions imposed pursuant to La. C.C.P. art. 863, analogous to an OWC judge’s factual determination that La. R.S. 23:1310.7 was violated, is subject to the “manifest error” or “clearly wrong” standard.
 
 Borne v. New Orleans Health Care, Inc.,
 
 616 So.2d 236, 239 (La.App. 4 Cir. 1993). However, a finding as to sanctiona-ble behavior may be reversed if the record does not support the determination.
 
 Id.
 
 Further, statutes which provide for sanctions must be strictly construed.
 
 Langley v. Petro Star Corp. of La.,
 
 01-0198, p. 4 (La.6/29/01), 792 So.2d 721, 723.
 
 See also Williams v. Rush Masonry, Inc.,
 
 98-2771, p. 9 (La.6/29/99), 737 So.2d 41, 46.
 

 The Louisiana Supreme Court in
 
 Rhodes v. Lewis,
 
 01-1989, pp. 7-8 (La.5/14/02), 817 So.2d 64, 69, stated:
 

 The purpose of the Workers’ Compensation Act is to set up a court-administrated system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor of workmen.
 
 Falgout v. Dealers Truck Equipment Co.,
 
 98-3150 (La.10/19/99), 748 So.2d 399;
 
 Landreneau v. Liberty Mut. Ins. Co.,
 
 309 So.2d 283 (La.1975). The Louisiana Constitution and the Workers’ Compensation Act were amended, and the district courts were divested of jurisdiction over claims arising out of the Workers’ Compensation Act. The OWC was empowered to resolve disputes and issue orders regarding workers’ compensation claims. The purpose of the changes were to provide a
 
 speedy
 
 resolution to workers’ compensation claims and a
 
 sunft
 
 recourse for injured workers.
 
 See Kelly v. CNA Insurance Co.,
 
 98-0454 (La.3/12/99), 729 So.2d 1033.
 

 (Emphasis added.)
 

 17Pefense counsel for Gray must know that under Rule 4-4 of the Uniform Rules of the Courts of Appeal, there is no automatic stay of proceedings.
 
 [7]
 
 The mere filing of an application for supervisory relief does not stay the enforcement of the order under review.
 

 Therefore, at all times from March 17, 2008 until June 10, 2008, Gray was required to obey the order of the OWC judge, if it could. Although Gray made it clear that it had no intention of obeying the order until after this court acted on the writ application, the order provided only that it “shall approve and pay for a medical evaluation with a neurosurgeon chosen by Claimant.” It is certain Gray never asked the claimant to identify the neurosurgeon so that it could comply with the order. And it is also true that Gray never cooperated with the claimant’s counsel in identifying anyone with whom he could make the necessary arrangements.
 

 
 *912
 
 Gray’s argument that it was unable to comply with the OWC judge’s order is undercut by its ongoing failure to comply when it finally received the doctor’s identity, when it was notified that its request for a stay had been denied by this court, when it appeared before the OWC judge for the contempt hearing, or when it was notified that this court had denied its writ application. Each of these events corroborates that Gray’s disobedience was wilful. It is clear that the March 17, 2008 order was not obeyed for another two weeks
 
 after
 
 the OWC judge adjudged |sGray in contempt and for another ten days
 
 after
 
 this court denied the review the appellants claimed they were awaiting before compliance. These proceedings, as well as the contradictory hearing on the motion for contempt, support the OWC judge’s determination that the employer’s conduct was sanctionable.
 

 Under these facts we conclude that the OWC judge was not manifestly erroneous in finding that Gray’s disobedience to her lawful order was wilful and, as such, would be contemptuous. However, we turn now to whether the finding of constructive contempt was the appropriate means of enforcing compliance with her March 17, 2008 order.
 

 As we observed earlier, the OWC judge in her written reasons did not cite the legal authority for the penalty assessed. We first note that the claimant expressly based his motion for contempt on La. R.S. 23:1310.7. The applicable section for punishment of constructive contempt, as we have already seen, is section (B)(2). The maximum penalty for
 
 each
 
 act of constructive contempt is $500.00, payable to Kids Chance Scholarship Fund, Louisiana Bar Foundation. In its second assignment of error, Gray urges that the penalty imposed by the OWC judge exceeded her authority. Mr. Jackson, to the contrary, argues that the $100.00 per day fine assessed against the defendants is well within the statutory maximum. He suggests that the OWC judge implicitly considered each day of violation of her order as a
 
 separate
 
 act of contempt. Mr. Jackson relies upon
 
 City of Kenner v. Jumonville,
 
 97-125, 97-210, 97-602, p. 19 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, 233, as support for the proposition that each day of violation constitutes a separate act of contempt, punishable up to the limit of $500.00 per day. However, |
 
 %City of Kenner
 
 was decided under a different statute, namely La. R.S. 13:4611.
 
 [8]
 
 That statute is not applicable to orders of an OWC judge. It is restricted to the orders of judges in the judicial branch of government, which judges are specified in the statute itself.
 
 [9]
 
 The rules and regulations of the OWC expressly provide that contempt is to be handled exclusively under La. R.S. 23:1310.7.
 
 See
 
 LAC 40:5535(B) and 5537.
 

 We find nothing in La. R.S. 23:1310.7 which expressly prohibits the accrual of fines for separate acts of contempt and note that, in general, the law in this state clearly recognizes the validity of contempt judgments that assess a per day contempt fine for non-compliance.
 
 Parish of Jefferson v. Muhammad,
 
 96-572 (La.App. 5 Cir. 12/11/96), 686 So.2d 905.
 
 [10]
 

 
 *913
 
 In this case, Gray was represented by legal counsel.
 
 [11]
 
 It was put on notice as to the treatment that the claimant sought. The contempt hearing was held nearly two months after the March 17, 2008 order, and Gray had been given more than adequate notice that it was expected to comply with that. Gray had an opportunity to explain and defend its refusal to comply with a lawful order. Mr. Jackson’s first motion, filed on February 26, 2008, which resulted in the March 17, 2008 order, cited case law placing Gray on notice that the authorization for a medical evaluation was owed to the claimant, the possibility that it may be held in | incontempt, and that it may owe attorney’s fees if it did not comply with the statute.
 
 [12]
 

 The purpose or objective of imposing fines is not to be punitive, but to cause a party to remedy the violation. A party “can avoid paying the fine simply by performing the affirmative act required by the court’s order.”
 
 Champagne v. Champagne,
 
 541 So.2d 933, 936 (La.App. 5 Cir. 1989).
 

 Gray relies on the case of
 
 Lang v. Asten, Inc.,
 
 05-1119 (La.1/13/06), 918 So.2d 453.
 
 Lang
 
 is distinguishable. In
 
 Lang,
 
 an insurance company was ordered to comply with an order to provide a defense to an alleged insured. When it refused, the district court, without affording the insurance company an opportunity to show cause at a contradictory hearing, found the insurer in contempt of court. Here the OWC judge made a finding of wilful disobedience only after notice and a hearing. In
 
 Lang,
 
 the Supreme Court noted that the insurance company had sought a new trial and an appeal from the ruling ordering the defense. While Gray sought review, it failed to comply promptly even after its writ application and request for stay were denied.
 

 Therefore, we find that, after notice and hearing, the OWC judge was not manifestly erroneous in concluding that Gray wil-fully refused to comply with her March 17, 2008 order.
 

 However, we find that a specific statute governs this situation. La. R.S. 23:1201(F) provides:
 

 Failure to provide payment in accordance with this Section or
 
 failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an \uamount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
 
 The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the
 
 *914
 
 number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:
 

 (1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers’ compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers’ compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
 

 (2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
 

 (3) Except as provided in Paragraph (4)of this Subsection, any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee.
 

 (4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide for recovery of more than one penalty or attorney fee.
 

 (5) No amount paid as a penalty or attorney fee under this Subsection shall be included in any formula utilized to establish premium rates for workers’ compensation insurance.
 

 (Emphasis added.)
 

 Thus, while we agree that La. R.S. 23:1310.7 regarding constructive contempt could deal with the problem presented by Gray’s conduct, we find that [12under the facts and circumstances of this case, La. R.S. 23:1201(F) specifically deals with this situation. “It is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, the statute specifically directed to the matter at issue must prevail as an exception to the more general statute.”
 
 Fontenot v. Reddell Vidrine Water District,
 
 02-0439, p. 20 (La.1/14/03), 836 So.2d 14, 28. When the two statutes are penal in nature and requiring of strict construction,
 
 Johnson v. City of New Orleans Police Department,
 
 08-0269, p. 1 n. 1 (La.App. 4 Cir. 1/14/09), 4 So.3d 114, the need to apply the more specific statute is that much more compelling. We, therefore, determine that the OWC judge erred as a matter of law in applying the general statute on contempt, if that is what she did, rather than the statute which specifically applies to the conduct of Gray in this case.
 

 There is no prejudice to Gray in this determination. In fact, Gray alternatively argues that this is the statute that applies. A very similar case is
 
 Nelson v. Windmill Nursery of La., L.L.C.,
 
 04-1941 (La.App. 1 Cir. 9/23/05), 923 So.2d 709,
 
 writ denied,
 
 05-2294 (La.3/10/06), 925 So.2d 516, where the First Circuit imposed sanctions pursuant to La. R.S. 23:1201(F) for the failure to authorize medical treatment pursuant to La. R.S. 23:1121(B)(1).
 

 While the daily penalty assessment of $50 is less than the amount of the daily fine of $100 assessed by the OWC judge, it is payable to Mr. Jackson, who was the person deprived of the required medical services and whose case resolution was improperly delayed by Gray. Also, this specific statute provides for the award of attorney’s fees, unlike the general contempt statute which does not.
 
 [13]
 

 
 *915
 
 | i-jWe, therefore, remand the matter to the OWC judge for the sole purpose of her making the proper calculations on the assessment of penalties and the attorney’s fees provided under La. R.S. 2S:1201(F). In remanding the matter, we instruct the OWC judge that the only number of calendar days for which an assessment can be made is the undisputed period of time from the date on which Mr. Jackson identified Dr. Corales by name (April 24, 2008), until the letter authorizing the medical evaluation from defendants’ counsel (June 10, 2008).
 
 [14]
 

 DECREE
 

 For the foregoing reasons, we reverse the OWC judgment dated May 27, 2008 and remand the matter to the Office of Workers’ Compensation, 8th District, for further proceedings consistent with this opinion. We further direct the OWC judge to render judgment on the remanded issues simultaneous with the judgment on the trial of the merits, if that judgment has not yet been rendered.
 
 [15]
 

 REVERSED AND REMANDED.
 

 [1]
 

 . In general in this opinion we will refer to Gray, which reference does not necessarily exclude Pittman, the employer. While one or the other may have been cited or ordered, the other explicitly joined to oppose the motion, or seek review, or file the appeal. We note that in the judgment appealed, the OWC judge made a finding as to the carrier, exclusively and specifically.
 

 [2]
 

 . After the events of giving rise to this appeal, the employer by consent judgment dated June 26, 2008, abandoned this defense and agreed that it would not be urged at the trial on the merits.
 

 [3]
 

 . The return date given was April 25, 2008.
 

 [4]
 

 . This record is unclear whether Gray ever requested a stay from the OWC judge. In the associated writ, 2008-C-0513, the OWC judge denied the defendant's request for a stay on April 8, 2008.
 

 [5]
 

 . Those earlier proceedings are in case 2008-C-0513.
 

 [6]
 

 . La. R.S. 23:1121(B)(1) provides in pertinent part: “The employee shall have the right to select one treating physician in any field or specialty.... The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.”
 

 [7]
 

 . Rule 4-4(A): “When an application for writs is sought, further proceedings may be stayed at the trial court's discretion. Any request for a stay of proceedings should be presented first to the trial court. The filing of, or the granting of, a writ application does not stay further proceedings unless the trial court or appellate court expressly orders otherwise.” In Gray’s memo to the OWC dated April 3, 2008, counsel cited Rules 4-2 and 4-3, which indicates that familiarity with the Uniform Rules and their provisions.
 

 [8]
 

 . Gray urges in its brief that La. R.S. 13:4611 should be applied. We, of course, reject that contention.
 

 [9]
 

 . An OWC judge is not a member of the judicial branch, but is employed in the executive branch under the supervision of the Director of the Office of Workers’ Compensation.
 
 See
 
 La. R.S. 23:1310.1(A)-(D), 1310.2, and 1310.6.
 

 [10]
 

 . In
 
 Muhammad,
 
 a homeowner, appearing in proper person, was put on written notice of the permits and repairs he was required to comply with pursuant to Parish Code. The
 
 *913
 
 homeowner was given a period of time to comply and put on clear notice that he would be subject to fines if he did not comply. The homeowner was given numerous opportunities to comply. He did not and the judge assessed a $100 per day fine. The trial court finding was affirmed.
 

 [11]
 

 . At the contempt hearing, separate counsel came to argue in place of lead defense counsel, as well as act as counsel for lead defense counsel, who was also present.
 

 [12]
 

 . The case cited in claimant’s original motion, as well as in the claimant’s brief, is
 
 Nelson v. Windmill Nursery of La., L.L.C.,
 
 04-1941 (La.App. 1 Cir. 9/23/05), 923 So.2d 709,
 
 writ denied,
 
 05-2294 (La.3/10/06), 925 So.2d 516.
 

 [13]
 

 . An award of attorney’s fees in a workers’ compensation case, while penal in nature, is intended to discourage indifference and undesirable conduct by employers and insurers.
 
 Moore v. City of New Orleans,
 
 02-1036, p. 13 (La.App. 4 Cir. 1/29/03), 839 So.2d 380, 389,
 
 citing Williams v. Rush Masonry, Inc.,
 
 98-2271, pp. 8-9 (La.6/29/99), 737 So.2d 41, 46.
 
 See also Fontenot v. Reddell Vidrine Water District,
 
 02-0439, p. 14 (La.1/14/03), 836 So.2d 14, 24.
 

 [14]
 

 . If the OWC judge finds that the $50 daily assessment is the greater of the penalties, then the maximum amount which can be assessed is $2,000.
 

 [15]
 

 . This would help to avoid piecemeal appeals.