DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PASSCO CYPRESS CREEK DST,

Appellant,

v.

REBECCA NEIDINGER,

Appellee.


No. 2D2024-1982

_____

October 29, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pasco County; Alicia Polk, Judge.

Charles V. Barrett IV of Charles V. Barrett, P.A., Tampa, for Appellant.

Sami Thalji of Florida Consumer Lawyers, Tampa, for Appellee.


SLEET, Judge.

Passco Cypress Creek DST (the Landlord) challenges the trial court's partial final judgment on the Landlord's counterclaim entered in favor of Rebecca Neidinger. On appeal, the Landlord argues that the trial court erred in granting Neidinger's motion for judgment on the pleadings with respect to the counterclaim. Because the pleadings do not support the trial court's conclusion that the Landlord's counterclaim raised the

same issues as Neidinger's original complaint, we reverse and remand for further proceedings.

## I. BACKGROUND

In May 2021 Neidinger entered into a lease agreement with the Landlord. The lease term ran from July 14, 2021, through August 13, 2022, and included in paragraph 3 a termination notice provision requiring Neidinger to provide sixty days' written notice of her intent to move out. If she failed to do so, the contract would automatically renew on a month-to-month basis. The provision also allowed the Landlord to collect $1,540 in liquidated damages if Neidinger did not provide the required sixty days' written notice so long as the Landlord provided her with written notice of the potential collection of liquidated damages at least fifteen days before the start of the notification period. *See* § 83.575(2), Fla. Stat. (2022).

On July 9, 2022, thirty-five days prior to the end of the lease term, Neidinger advised the Landlord that she would not be renewing the lease and that she would be vacating the premises at the end of the lease term. On July 11, 2022, the Landlord emailed Neidinger to inform her that it was charging her under the liquidated damages provision of the lease because she did not provide sixty days' written notice of nonrenewal.

Thereafter, the Landlord began sending Neidinger collection notices describing the amount owed not as liquidated damages but as an "Insufficient Notice Fee." The Landlord also advised her that it was retaining her deposit. Neidinger objected in writing to the Landlord's keeping her deposit and charging her liquidated damages because the Landlord did not provide her with the required notice pursuant to paragraph 3 of the lease and section 83.575(2).

2

On October 20, 2022, Neidinger filed the operative one-count amended complaint against the Landlord, alleging a violation of the Florida Consumer Collection Practices Act (FCCPA), §§ 559.55-.785, Fla. Stat., alleging that the Landlord attempted to illegally collect $1,655.92 as "liquidated damages" despite knowing that this charge was illegitimate because the Landlord failed to comply with section 83.575(2). The Landlord filed its amended answer and defenses to the claim. In its answer, the Landlord included a counterclaim for contract damages. The Landlord alleged that because Neidinger did not provide sixty days' written notice pursuant to the lease agreement, their contract did not end on August 13, 2022, but rather continued as a month-to-month lease and "Neidinger breached the Apartment Lease Contract by vacating before the end of the month-to-month lease and not paying rent for any period after August 13, 2022." The Landlord calculated a prorated rent rate and sought to recover $1,480.60 in unpaid partial rent for the month of August 2022 as well as $163.82 in repair costs to her unit after she moved out and $11.46 in renter's insurance, totaling $1,655.92. Neidinger then filed her answer and affirmative defenses, denying the allegations in the Landlord's counterclaim.

On August 2, 2023, Neidinger filed a motion for summary judgment on her FCCPA claim, arguing as a matter of law that the Landlord improperly charged her $1,655.92 as a "liquidated damages" fee under paragraph 3 of the lease and section 83.575 despite knowing the charge was illegitimate. The Landlord countered by filing its own motion for summary judgment, arguing that Neidinger had not been charged $1,655.92 as a "liquidated damages" fee but that she had been properly charged the amount as prorated rent and other contract damages under the lease.

The trial court held an evidentiary hearing on both motions and ultimately granted Neidinger's motion while denying the Landlord's motion. When the Landlord sought clarification as to whether the ruling meant that the counterclaim was still pending, the trial court responded that its ruling denied the Landlord's motion for summary judgment as to the counterclaim but that "doesn't mean that [the Landlord] lost on the merits. It just means [the Landlord] ha[s]n't prevailed on a summary judgment proceeding." The court then entered an order granting Neidinger's motion, finding that the exhibits entered into evidence "establish that [the Landlord] sought to recover a fee from [Neidinger] that [it] knew was not legitimate" in violation of the FCCPA, and denying the Landlord's motion.

Thereafter, with its counterclaim still pending, the Landlord filed a notice of readiness for trial on March 4, 2024. That same day, Neidinger filed a motion for judgment on the pleadings arguing that by (1) granting Neidinger's motion for summary judgment, (2) ruling that the fees were illegitimate, (3) ruling that the Landlord violated the FCCPA, and (4) denying the Landlord's countermotion for summary judgment, the trial court effectively ruled that the subject matter of the counterclaim was impermissible. Neidinger therefore maintained that she was entitled to judgment on the pleadings with respect to the counterclaim and/or an order finding that the counterclaim was moot and barred by the doctrines of res judicata and collateral estoppel.

In response, the Landlord filed a countermotion on July 23, 2024, arguing that Neidinger's version of events contradicted the oral record of the summary judgment hearing of October 30, 2024, which did not in any way touch upon the Landlord's counterclaim for unpaid rent and other lease charges. In other words, it argued that res judicata and

4

collateral estoppel could not apply because Neidinger's FCCPA claim and the Landlord's contract damages claim were not identical at all.

On August 1, 2024, the motions were heard before a successor judge. After the parties made their arguments, the court concluded:

> [B]ased on Judge Ramsberger's order where he in paragraph 3B states that the defendant sought to recover a fee from plaintiff that they knew was not legitimate in violation of Florida Statute Section 559.72, Sub 9, and then in D it says: The Court hereby finds the defendant violated Florida Consumer Collection Practices Act, Florida Statute 559, in particular Florida Statute 559.7279.
>
> **So it looks like it is already been—it has already been ruled upon**. I believe that after review of all the pleadings and this order, that [Neidinger's] motion is well taken and should be granted.

(Emphasis added.) The trial court ultimately entered its order ruling in favor of Neidinger, granting her motion for judgment on the pleadings and finding that "[the Landlord's] Counterclaim seeks to collect from [Neidinger] the identical fee which this Court previously ruled was not legitimate and in violation of Florida Statutes, Section 559.72(9)." This appeal ensued.

## II.    ANALYSIS

On appeal, the Landlord argues that the trial court erred in granting Neidinger's motion for judgment on the pleadings with respect to the counterclaim because it incorrectly concluded that the counterclaim sought the same fee that Neidinger opposed in her complaint. He maintains that the complaint sought statutory and actual damages for improper debt collection practices while the Landlord sought back rent due under the terms of the lease.

"We review an order granting a motion for judgment on the pleadings de novo." *Mgmt. Props., LLC v. Town of Redington Shores*, 352

5

So. 3d 909, 912 (Fla. 2d DCA 2022). In considering a motion for judgment on the pleadings, a trial court must rely "wholly on the pleadings, without the aid of outside matters." *Tanglewood Mobile Sales, Inc. v. Hachem*, 805 So. 2d 54, 55 (Fla. 2d DCA 2001). "The trial court may grant a motion on the pleadings only if the moving party is clearly entitled to judgment as a matter of law." *Tanglewood Mobile Sales, Inc.*, 805 So. 2d at 55 (citing *4100 5th Ave. Corp. v. PHL/Millwork Div., Inc.*, 722 So. 2d 218 (Fla. 2d DCA 1998)). Here, the trial court was required to take as true all of the material allegations in the Landlord's counterclaim and to construe as false all of the denials in Neidinger's answer to the counterclaim. *See Urribari v. 52 SW 5th CT WHSE, LLC*, 266 So. 3d 1257, 1263 (Fla. 4th DCA 2019).

As an initial matter, we note that the trial court improperly looked beyond the pleadings when ruling on Neidinger's motion for judgment on the pleadings. *See Tanglewood Mobile Sales*, 805 So. 2d at 55. However, the Landlord did not make such an argument on appeal. Rather, the Landlord argued that the complaint and the counterclaim do not address identical fees. It is clear from our de novo review of the pleadings that, taking as true all of the material allegations of the counterclaim, the counterclaim did not seek to collect the liquidated damages fee that was the basis of the FCCPA claim raised in Neidinger's complaint. Accordingly, Neidinger has failed to establish that she is "clearly entitled to a judgment as a matter of law" on the Landlord's counterclaim. *See Tanglewood Mobile Sales*, 805 So. 2d at 55.

Paragraph 3 of the lease provides for two potential routes by which the Landlord could collect money from Neidinger. First, it states, "This Lease Contract will automatically renew month-to-month unless either party gives at least 60 days' written notice of termination or intent to

6

move-out as required by this paragraph and paragraph 47 (Move-Out Notice)." And the month-to-month tenancies provision found in paragraph 3 of the lease explains that "[i]n the event this Lease Contract renews on a month-to-month basis, you must pay the amount of rent we charge at the time the month-to-month tenancy commences pursuant to this paragraph and paragraph 15 (Rent Increases and Lease Contract Changes), inclusive of any applicable month-to-month fees and/or premiums." Second, paragraph 3 also provides as follows:

> In the event you fail to provide us with the required number of days' written notice of termination and intent to vacate coinciding with the lease expiration date, as required by this paragraph and paragraph 47 (Move-Out Notice), you acknowledge and agree that you shall be liable to us for liquidated damages in the sum of $1540.00 (equal to one month's rent) if we give you the advanced written notice required by Fla. Stat. § 83.575(2).

Accordingly, if the Landlord had given the statutorily required advanced written notice, pursuant to the plain language of paragraph 3 of the lease, the Landlord would have been entitled to both the $1,540 liquidated damages fee and the rent due on the automatically renewed month-to-month lease.

Here, because there is no dispute that the Landlord failed to provide the required advanced notice, it could not collect liquidated damages from Neidinger. However, on its pleadings, the Landlord would nevertheless be entitled to month-to-month rent. And taking its allegations as true, the fee that the Landlord sought to recover was $1,480.60 in unpaid partial rent for the month of August 2022 as well as $163.82 in repair costs to Neidinger's unit after she moved out and $11.46 in renter's insurance, totaling $1,655.92. Therefore, the pleadings do not support the trial court's conclusion that the

7

counterclaim seeks to recover the same liquidated damages addressed in Neidinger's complaint.

Accordingly, we conclude that the trial court erred in granting Neidinger's motion for judgment on the pleadings with respect to the counterclaim, and we reverse and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.